■ FRANCES P. NEUMARK, Respondent, v MATTHIAS NEUMARK, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Westchester County (Isseks, J.), dated August 9, 1982, as granted plaintiff wife's motion for temporary maintenance and child support and (2) from so much of a further order of the same court, dated February 22, 1983, as, upon reargument, adhered to its original determination, denied defendant's application for downward modification, and granted plaintiff's cross motion for a judgment for arrears of maintenance and child support in the sum of $12,480. Appeal from the order dated August 9, 1982, dismissed. Said order was superseded by the order dated February 22, 1983, made upon reargument. Order dated February 22, 1983, modified, on the law and the facts, by deleting the provision granting plaintiff arrears in the sum of $12,480. As so modified, order affirmed insofar as appealed from, and matter remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. Plaintiff is awarded one bill of costs. Our review of the record indicates that the award of temporary alimony and child support was not so excessive that Special Term abused its discretion in denying defendant's application to modify it. We emphasize that our holding here should not in any way influence the trial court in determining what level of support to award after trial (see *Seletsky v Seletsky,* 87 AD2d 648;

*Braga v Braga,* 82 AD2d 727). With regard to plaintiff's cross motion for a money judgment for arrears, Special Term erred in failing to take into account sums of money expended by defendant in connection with the marital residence (see Domestic Relations Law, § 236, part B, subd 6, par a). Defendant alleged in an affidavit that he had paid all expenses relative to the marital residence through August 31, 1982, including the mortgage, taxes and utilities, amounting to a sum of approximately $905 per month. Plaintiff conceded that defendant was entitled to a credit for payments made by him relating to the marital residence, and practically conceded that these expenditures amounted to approximately $4,600. Since it is not possible to determine, on this record, the amount of the credit towards arrears to which defendant is entitled, the matter is remitted to Special Term for further proceedings. Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.