■ JUDITH BARA, Appellant, v PHILIP BARA, Respondent, and COUNTY OF ROCKLAND, Intervenor-Respondent.—In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Rockland County (Edelstein, J.), dated May 16, 1985, which, after a hearing conducted pursuant to a resettled judgment of divorce, adjudged arrears owing under a permanent maintenance award in the amount of $4,632.50 and directed the defendant husband to make full payment of said arrears to the Department of Social Services of the intervenor-defendant County of Rockland.

Ordered that the order is affirmed, without costs or disbursements.

The court accurately computed arrears due under a permanent maintenance award by granting the husband a credit for payments he made for his wife's rent and utilities, which were implicitly required to be paid as part of the temporary maintenance award granted by the pendente lite order of April 23, 1982. Even if the payments were construed as voluntary, under the circumstances of this case, the husband would be entitled to offset such payments against accrued arrears (see, Yecies v Yecies, 108 AD2d 813; Peltz v Peltz, 56 AD2d 519). To disallow such a credit would have the anomalous result of sanctioning a windfall.

We also reject the wife's contention that the doctrine of res judicata or collateral estoppel barred the Department of Social Services of the County of Rockland (hereinafter Rockland DSS) from establishing its statutory claim (see, Social Services Law §§ 101, 102) to recover from a responsible spouse (the

husband) prior public expenditures made on behalf of his dependent (the wife). The resettled judgment of divorce reserved the issue of the amount of arrears, if any, accrued during the marriage under a permanent maintenance award, for determination at a subsequent hearing. Since the Rockland DSS was precluded during the trial of the matrimonial action from calling or cross-examining witnesses to establish its claim, the doctrine of res judicata or collateral estoppel did not bar it from establishing its claim at the subsequent hearing to determine the amount of the arrears.

Since the parties stipulated at the hearing that the Rockland DSS had furnished the wife with public assistance for her support, which the husband was legally obligated, but failed, to provide during the time period in which the maintenance award was in effect, the court correctly directed the husband to reimburse the Rockland DSS by paying to the Department's Support Collection Unit the arrears due under the maintenance award. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.