■ CHARLES D. WEST, Respondent-Appellant, v ELINORE WEST, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant appeals from so much of an order and interlocutory judgment (one paper) of the Supreme Court, Nassau County (Kutner, J.), entered March 14, 1988, as credited the plaintiff with certain payments towards arrears of temporary maintenance and support, and denied the defendant's request for interest on the arrears, and the plaintiff cross-appeals from so much of the same order and interlocutory judgment as awarded the defendant a money judgment against the plaintiff for arrears of temporary maintenance and child support in the principal sum of $35,167.29.

Ordered that the order and interlocutory judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant argues that in determining the amount of arrears for temporary maintenance and support owed by the plaintiff, the Supreme Court erred by crediting the plaintiff

with certain payments that he made in the amount of $11,389.03. These payments included payments of real estate taxes on the former marital residence, Master Card charges and insurance on the defendant's automobile. We disagree with the defendant's argument. The record indicates that these payments were made by the plaintiff to satisfy the defendant's legal obligations. Accordingly, the Supreme Court properly granted credit to the plaintiff for the payment of these items (see, Yecies v Yecies, 108 AD2d 813, 814; Bara v Bara, 130 AD2d 613).

On his cross appeal, the plaintiff argues that the Supreme Court erred in denying him a further credit in the additional sum of $15,443.47. We disagree. The record indicates that the expenses comprising this additional sum, including, inter alia, payment for charges on the plaintiff's Bloomingdale's credit card, and for his daughter's tuition at Ithaca College, were not the legal obligations of the defendant. Accordingly, the plaintiff was not entitled to a credit for these payments (Bara v Bara, supra).

We have examined the defendant's remaining argument and find it to be without merit (CPLR 5003; cf., Gaines v Gaines, 109 AD2d 866, 867). Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.