■ MARIA REISS, Respondent, v BRETT REISS, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Di Noto, J.), entered May 18, 1990, as, after a nonjury trial, (1) dismissed his counterclaim for a divorce on ground of cruel and inhuman treatment, (2) awarded custody of the parties' child to the plaintiff wife, (3) awarded the plaintiff child support in the amount of $634.10 per week, and (4) awarded the plaintiff $7,720.25 in counsel fees and disbursements.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting so much of the first decretal paragraph thereof as dismissed the defendant's counterclaim for a divorce and substituting therefor a provision awarding him a divorce on the ground of cruel and inhuman treatment, and (2) deleting the third decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, before a different Justice, for a new determination with respect to child support, a determination with respect to the defendant's visitation, and a determination as to equitable distribution of the parties' assets and any other financial issues; and it is further,

Ordered that, in the interim, the defendant shall pay the plaintiff child support in the sum of $270 per week.

Contrary to the determination of the trial court, we conclude that, in this marriage of short duration, the defendant sufficiently demonstrated a course of conduct by the plaintiff which is harmful to his physical and mental health, rendering cohabitation with the plaintiff unsafe and improper (see, Domestic Relations Law § 170 [1]; *Brady v Brady,* 64 NY2d 339; *Spinelli v Spinelli,* 160 AD2d 992; *Rieger v Rieger,* 161 AD2d 227; *McKilligan v McKilligan,* 156 AD2d 904; *Weilert v Weilert,* 115 AD2d 473). Specifically, the record supports the defendant's assertion that the plaintiff's compulsive gambling and its deleterious impact upon the parties' relationship, and, together with certain other acts committed by the plaintiff, created an oppressive and unsafe marital environment, causing the defendant to suffer from, and seek professional treatment for, stress, depression, and certain physical ailments, including chest pains and boils. Since the proof adduced at the trial established that the plaintiff's conduct rendered it impossible and unsafe for the defendant to continue cohabitation with the plaintiff, the Supreme Court erred in denying the defendant a judgment of divorce (cf., *McKilligan v McKilligan, supra).*

We are in accord, however, with that portion of the court's order which awarded custody of the parties' 4½ year old son to the plaintiff. It is well settled that the trial court's determination with respect to the issue of child custody is accorded great respect and is not to be lightly set aside, involving as it does, an assessment of the parties' credibility, character and temperament (see, *Eschbach v Eschbach,* 56 NY2d 167; *Lenczycki v Lenczycki,* 152 AD2d 621, 622-623; *Lohmiller v Lohmiller,* 140 AD2d 497, 498). At bar, the trial court was in the best position to assess the parties' conflicting assertions, as well as those of their retained experts, in reaching its determination with regard to the best interests of the child. Upon our review of the record, we are unable to say that the court improvidently exercised its discretion in examining the evidence before it and concluding that, under the circumstances presented, the best interests of the child would be served by awarding custody to the plaintiff.

Further, we are of the view that the trial court's award of over $32,000 per year in child support was excessive under the circumstances presented. Specifically, the record reveals that the application of the statutory percentage set forth by Domestic Relations Law § 240 (1-b) (b) (3) (i) to that portion of the

defendant's annual income which exceeded $80,000, constituted an improvident exercise of discretion when measured against the parties' respective financial circumstances and the reasonable support requirements of the parties' son *(see,* Domestic Relations Law § 240 [1-b] [c] [3]; [f] [1] [10]). In light of our determination, the matter should be remitted to the Supreme Court, Nassau County, for further proceedings for a new determination as to child support, and determinations with respect to the defendant's visitation, equitable distribution of the parties' assets, and any other financial issues.

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.