■ JACK BIDERMAN, Appellant-Respondent, v JUDIE BIDERMAN, Respondent-Appellant.—Order, Supreme Court, New York County (David Saxe, J.), entered March 23, 1990, which, *inter alia,* denied plaintiff's motion to modify the support provisions of the judgment of divorce to eliminate alimony to defendant and granted defendant's motion for leave to enter a judgment for arrears in alimony, unanimously affirmed, without costs.

The parties entered into a separation agreement, incorporated into a 1981 Judgment of Divorce, which obligated plaintiff to pay $30,000 in yearly support ($10,000 for each of two children and $10,000 alimony). It was provided therein that any modification of the separation agreement was to be in writing, and that the failure to strictly enforce the agreement would not act as a waiver of either party's rights thereunder.

Plaintiff stopped making alimony payments on September 1, 1986, claiming that he made payments in excess of what was required by the separation agreement for his children's higher education and that defendant relinquished her right to these alimony payments by refusing to pay for the children's education expenses out of the support payments. He also asserted that he was "lulled" into making these extra payments for the children's education since defendant did not request any arrears in alimony until after the children's education expenses were covered by plaintiff. Plaintiff also claims that defen-

dant had remarried an unidentified man or held herself out as being married to him. Defendant denies these assertions.

We agree with the IAS court that plaintiff has failed to prove that defendant either intended to relinquish her rights to receive alimony or induced plaintiff into believing that she was waiving those rights by allowing plaintiff to pay the children's education expenses. The fact that plaintiff paid his children's education expenses in an amount above that which the separation agreement required him to pay for support did not negate his obligation to pay alimony. *(Cf., Bara v Bara,* 130 AD2d 613.) These payments were not a legal obligation of the defendant *(see, West v West,* 151 AD2d 475). Moreover, there was no written modification of the separation agreement to indicate such a change in plaintiff's obligations. Finally, plaintiff's argument that laches bars defendant's claim for alimony arrears is meritless as the separation agreement provided that failure to require strict compliance with the agreement would not act as a waiver. Moreover, there is evidence which demonstrates that defendant periodically requested the alimony arrears.

The IAS court's denial of defendant's claim for attorneys fees and costs was not an abuse of discretion in the circumstances presented. *(See,* Domestic Relations Law § 238.) Concur —Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.