■ BRADLEY SHANKLES, Appellant, v ANN M. SHANKLES, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Suffolk County (Colby, J.), entered September 18, 1989, as directed him to pay $75 per week pendente lite maintenance and $150 per week pendente lite child support for his two minor children, and (2) from so much of an order of the same court entered November 14, 1989, as, upon reargument, directed him to pay $50 per week pendente lite maintenance and $100 per week pendente lite child support, and declined to credit certain past payments against pendente maintenance and child support.

Ordered that the appeal from the order entered September 18, 1989, is dismissed, as that order was superseded by the order entered November 14, 1989, made upon reargument; and it is further,

Ordered that the order entered November 14, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

We reject the claim by the plaintiff that the pendente lite maintenance and child support awards are excessive in that they render him unable to meet his own expenses. The record reveals that in 1988 the husband earned over $59,000 as a police officer, as well as receiving gross rental income of approximately $7,200 per year from an apartment the parties owned. Under these circumstances, it cannot be said that the maintenance and support obligations strip the husband of "income and assets necessary to meet his * * * own expenses" *(Chachkes v Chachkes,* 107 AD2d 786, 786-787; *see also, Wesler v Wesler,* 133 AD2d 627).

In addition, although the husband may be entitled to a credit for certain payments in determining arrears, under the circumstances we find this issue is best resolved at the trial of the action rather than as part of a pendente lite award *(see, Rogers v Rogers,* 151 AD2d 738; *Neumark v Neumark,* 97 AD2d 537; *Peltz v Peltz,* 56 AD2d 519). Similarly, we find that the court correctly deferred to the trial court the determination of whether or not the wife is capable of working. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.