■ In the Matter of Elsie J. Smith, Appellant, v Lum Smith, Respondent. (Appeal No. 1.) [595 NYS2d 276] —Order unanimously modified on the law and facts and as modified affirmed with costs to petitioner and judgment ordered in accordance with the following Memorandum: Petitioner appeals from two orders of Family Court, which, in part, denied her objections to the determination of the Hearing Examiner, who dismissed her petitions for arrearages of child support and for arrearages of maintenance.

The Hearing Examiner erred in determining that respondent did not owe petitioner arrearages in child support and maintenance. The divorce decree obligated respondent to pay petitioner $100 per week for maintenance and $75 per week for child support. Between November 21, 1989 and May 31, 1991, a period of 79 weeks, respondent was obligated to pay petitioner the total sum of $7,900 for maintenance and $5,925 for child support. At the hearing, respondent submitted a list of the payments to or on behalf of petitioner during this period for maintenance, which, as the Hearing Examiner found, totaled $8,417.18. The Hearing Examiner erroneously gave respondent credit for maintenance payments for the following items included in the list: Empire of America Federal Savings Bank check Nos. 339, 382, 389 and M & T check Nos. 542, 410 and 574, totaling $300, payable to National Fuel Gas; Empire of America Federal Savings Bank check Nos. 306 and 404, totaling $140, payable to New York Telephone Company; Empire of America Federal Savings Bank check Nos. 343, 368 and 402, totaling $267.58, payable to Erie County Water Authority; Empire of America Federal Savings Bank check No. 329 and credit card payment, totaling $1,903.49, for real estate taxes; Empire of America Federal Savings Bank

check No. 345, in the amount of $50, for dental expenses for the child; and M & T check No. 517, in the amount of $288.91, payable to Niagara Mohawk Corp. Those payments were improperly credited for maintenance during the period in issue because respondent was obligated to make those payments under a temporary order of support for a period that preceded the period in issue.

In addition, the Hearing Examiner erroneously gave credit to respondent for maintenance payments for Buffalo Metropolitan Federal Credit Union check No. 323, in the amount of $164.33, which was returned for insufficient funds.

The total of the above sums ($3,114.31) deducted from the amount of payments for maintenance as shown on respondent's list ($8,417.18) results in the amount of $5,302.87, representing payments made by respondent properly credited to maintenance. Inasmuch as respondent's obligation for maintenance during the period in question was $7,900, he owes petitioner the sum of $2,597.13.

The Hearing Examiner found that respondent had made payments for child support for the period in question in the amount of $5,100 and should be given an additional credit toward child support of $1,050 for the money deducted from his wages before November 21, 1991.

The Hearing Examiner determined that respondent paid $5,100 in child support by finding, in part, that petitioner admitted receiving $4,425 in child support for the period in question. The record fails to demonstrate that petitioner admitted that she received the sum of $4,425 for child support. The record shows that she received child support in the following amounts: $150 on December 9, 1989; $150 on December 21, 1990; $150 on January 20, 1990; $150 on February 8, 1990; $170 on February 16, 1990; $150 on March 2, 1990; $150 on March 16, 1990; $150 on May 12, 1990; $150 on May 26, 1990; $150 on June 9, 1990; $150 on June 24, 1990; $150 on July 7, 1990; $150 on August 3, 1990; $150 on August 18, 1990; $75 on August 31, 1990; $150 on September 30, 1990; $300 on November 11, 1990; $150 on February 16, 1991; $150 on April 13, 1991; $150 on an unknown date; and $150 on May 13, 1991.

By deducting the total of those amounts ($3,245) from respondent's total obligation for child support during the period in question ($5,925), we determine that respondent owes petitioner the sum of $2,680 for arrearages in child support.

We note that the Hearing Examiner improperly gave respondent credit for child support in the sum of $1,050, which was deducted from his wages. The amount deducted should properly be credited to respondent's obligations under the temporary order.

We further note that the Hearing Examiner properly gave credit to respondent for maintenance for one half of the mortgage payment as well as one half of the insurance premium made on behalf of petitioner (see, West v West, 151 AD2d 475).

The final judgment of divorce provided that the parties shall be jointly responsible for the payment of their son's educational expenses as well as for uninsured medical expenses, through their son's twenty-first year of age, to be shared in proportion to the parties' annual incomes. The record shows that petitioner received minimal income during the years in question, while respondent received an annual income of approximately $55,581 for each of those two years. At the hearing, respondent assumed responsibility for the payment of any uninsured medical expense and for the educational expenses of the parties' son.

The order in appeal No. 1 is modified, therefore, by ordering that judgment be entered in favor of petitioner in the amount of $2,680 for arrearages in child support for the period ending May 31, 1991, with interest from August 26, 1990 (see, CPLR 5501 [c]), and by ordering that respondent pay the educational expenses as well as all uninsured medical expenses incurred by or on behalf of his son through the son's twenty-first year of age. The order in appeal No. 2 is reversed and we order that judgment be entered in favor of petitioner in the amount of $2,597.13 for arrearages in maintenance for the period ending May 31, 1991, with interest from August 26, 1990. (Appeal from Order of Erie County Family Court, LoRusso, J. —Support.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.