■ FREDERICA DAREMA-ROGERS, Respondent, v DENNIS ROGERS, Appellant. [606 NYS2d 15] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Burrows, J.), dated November 30, 1992, as (1) awarded sole custody of the two infant children to the plaintiff wife, (2) directed the defendant to pay 25% of his gross income less FICA as support for the infant children until their emancipation at the age of 21, retroactive to the date of service of summons, including all arrears in said support payments, and (3) directed that a portion of the parties' marital property consisting of certain stocks and other investment funds, be placed in a custodial account for the benefit of the children's education.

Ordered that the judgment is modified, on the law, by deleting the eighth, ninth, and tenth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as

appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the defendant's child support obligations in accordance herewith and entry of an appropriate amended judgment.

We find no basis for disturbing the trial court's award of custody of the parties' daughters to the plaintiff mother. It is well settled that a trial court's determination with respect to the issue of child custody is to be accorded great respect and is not to be lightly set aside, involving as it does an assessment of the parties' credibility, character, and temperament *(see, Eschbach v Eschbach,* 56 NY2d 167; *Reiss v Reiss,* 170 AD2d 589). The trial court was in the best position to assess the parties' conflicting assertions. Although the two psychological experts concluded that the children's best interests would be served by a change in the custodial arrangement, whereby the mother had primary custody for over four years, these experts agreed that both parents were loving, competent, and caring. Absent evidence that the custodial parent is unfit or less fit than the non-custodial parent, courts are reluctant to transfer custody of young children *(see, Alan G. v Joan G.,* 104 AD2d 147, 153). Furthermore, it is clear from a review of the record that these expert witnesses based their recommendations in large part upon the 12-year-old child's professed preference. Although this is a factor to be considered, it is not determinative *(see, Eschbach v Eschbach, supra,* at 173; *see also, Fox v Fox,* 177 AD2d 209). To have given this factor the weight urged upon the court by these experts and the law guardian would have effectively permitted the 12-year-old child to dictate the custodial arrangement for herself and her younger sister *(see, Fox v Fox, supra,* 177 AD2d, at 212). Because the trial court's custody determination clearly has a sound and substantial basis in the record, it will not be disturbed on appeal *(see, Nolfo v Nolfo,* 188 AD2d 451; *Matter of Garvin v Garvin,* 176 AD2d 318).

In determining the defendant's child support obligation, the trial court made no findings with respect to its application of the statutory 25% child-support percentage to that portion of the parties' combined income in excess of $80,000, nor does the record provide a clear basis for determining the childrens' actual support needs. We therefore remit the matter to the Supreme Court, Westchester County, for a *de novo* determination of the issue of child support *(see,* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Holmes v Holmes,* 184 AD2d 185; *Chasin v Chasin,* 182 AD2d 862; *Harmon v Harmon,* 173 AD2d

98; *Reiss v Reiss,* 170 AD2d 589, *supra; Quilty v Quilty,* 169 AD2d 979).

We have examined the defendant's remaining contention and find it to be without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.