■ GILLIAN HAGFORS, Appellant, v TOR HAGFORS, Respondent. [606 NYS2d 813] —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Monserrate, J.) granting, *inter alia,* plaintiff a divorce, entered November 25, 1992 in Tompkins County, upon a decision of the court, and (2) from two orders of said court, entered March 15, 1993 and March 26, 1993 in Tompkins County, which, *inter alia,* made certain determinations in accordance with the parties' stipulation and agreement of settlement.

The parties were married in January 1953 and separated in June 1989. Plaintiff commenced this divorce action in May 1990. At the commencement of trial on August 27, 1992, defendant withdrew his answer and counterclaim and consented to plaintiff's submission of proof in support of her cause of action on a default basis. Trial proceeded on disputed issues of maintenance and equitable distribution. The following day, the parties came to a resolution of those issues and entered into a stipulation of settlement upon the record in open court, incorporated by reference in a written acknowledged instrument executed pursuant to *Lischynsky v Lischynsky* (95 AD2d 111). The ensuing judgment of divorce incorporated but did not merge therein the parties' stipulation of settlement. Asserting that the stipulation was unconscionable˙ and resulted from incomplete disclosure, fraud, collusion and irregular

procedures, plaintiff appeals the judgment of divorce and two subsequent orders of Supreme Court entered March 15, 1993 and March 26, 1993, which effectuated the distribution of the parties' personal property and ordered arbitration of plaintiff's application to enforce the terms of the stipulation.

Initially, we note that plaintiff's *pro se* brief does not address the March 15, 1993 and March 26, 1993 orders. As such, her appeal from those orders has been abandoned and shall be dismissed. Further, as the prevailing party, plaintiff is not aggrieved by the judgment of divorce. Accordingly, her appeal from that paper must be dismissed as well *(see, Tongue v Tongue,* 61 NY2d 809; *Hatsis v Hatsis,* 122 AD2d 111). Finally, a party may not appeal from an order or judgment entered upon a stipulation *(see, Hopkins v Hopkins,* 97 AD2d 457). Plaintiff's proper remedy concerning the propriety of the parties' settlement is a motion in Supreme Court to set aside the stipulation *(see, supra; see also, Imor v Imor,* 114 AD2d 552; *Baecher v Baecher,* 95 AD2d 841).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the appeals are dismissed, without costs.