■ JANICE KESSINGER, Appellant, v JOSEPH KESSINGER, Respondent. [608 NYS2d 358] —Mercure, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from a judgment of the Supreme Court (Benson, J.), *inter alia,* granting plaintiff a divorce, entered March 24, 1992 in Dutchess County, upon a decision of the court, and (2) from an order of said court, entered April 3, 1992 in Dutchess County, which, *inter alia,* determined the parties' child support obligations.

The parties were married in 1964 and separated in 1987. In March 1988, plaintiff commenced this action for a divorce. On December 14, 1988, Supreme Court issued a temporary order directing defendant to pay certain family and household expenses as well as support of $100 per week for the parties' infant children and maintenance of $150 per week. That order was amended on March 21, 1989 to direct that defendant also pay the children's uncovered medical and orthodontic expenses. On April 19, 1991, the parties entered into a comprehensive stipulation of settlement, resolving all contested issues except accrued arrears under the temporary orders and child support. With regard to the latter, the stipulation provided

that "the husband shall pay to the wife as and for child support such amount as they shall agree to, and absent agreement, the matter shall be determined by Supreme Court, Dutchess County and any award shall be retroactive to the date of this stipulation". On the same day, defendant withdrew his answer to the complaint, plaintiff presented proof in support of a default judgment of divorce, and Supreme Court granted the parties a divorce and directed that plaintiff submit findings of fact, conclusions of law and a proposed judgment incorporating but not merging therein the parties' stipulation of settlement. Upon plaintiff's failure to do so, defendant ultimately submitted a proposed judgment of divorce that was signed on March 6, 1992 and expressly made retroactive to April 19, 1991. Plaintiff appeals from the judgment of divorce and from a subsequent order entered April 3, 1992 which, among other things, established child support of $316.48 per week retroactive to April 19, 1991 and provided for payment of arrears accruing after that date.

Initially, as the prevailing party, plaintiff may not appeal from the judgment of divorce (see, Hagfors v Hagfors, 200 AD2d 873, 874), and she may not appeal from a judgment entered upon a stipulation in any event (see, supra). Therefore, the appeal from the judgment shall be dismissed. Turning now to the order, we reject plaintiff's claim for pendente lite support for any period subsequent to April 19, 1991. As correctly contended by defendant, the parties' stipulation of settlement and judgment of divorce, effective April 19, 1991, had the effect of terminating the temporary orders (cf., Wald v Wald, 119 AD2d 569, 572). As for the period prior to April 19, 1991, it is undisputed that defendant made voluntary contributions to plaintiff far exceeding the claimed arrears, which Supreme Court was entitled to and apparently did credit to his favor (see, West v West, 151 AD2d 475; Bara v Bara, 130 AD2d 613; Yecies v Yecies, 108 AD2d 813).

We agree with plaintiff, however, that Supreme Court erred in its determination of permanent support. Initially, Supreme Court incorrectly computed the parties' "income", as defined in Domestic Relations Law § 240 (1-b) (b) (5), and, thus, the parties' proportionate shares of the basic support obligation. Defendant's gross income for 1990 was not $141,892, as stated by Supreme Court, but $184,558. Further, Supreme Court erred in deducting maintenance and child support from defendant's gross income because maintenance payable to a party to the action may be deducted only when the support order "provides for a specific adjustment * * * in the amount of

child support payable upon the termination of * * * maintenance" (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *see, Lenigan v Lenigan*, 159 AD2d 108, 111) and the deduction for child support is permitted only for children not subject to the current matrimonial action (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [D]). Reducing defendant's gross income by FICA tax of $6,810 yields income of $177,748. Reducing plaintiff's gross income of $27,400 by FICA tax of $1,474 (also overlooked by Supreme Court) yields income of $25,926. Application of the corrected figures brings about combined income of $203,674 and respective shares of 87% and 13%.

As a final matter, we agree with plaintiff that Supreme Court applied an incorrect standard and made insufficient findings in its determination to limit application of the statutory formula to the $80,000 cap of Domestic Relations Law § 240 (1-b) (c) (2). In a case such as this where the combined parental income exceeds the $80,000 cap, the court should first calculate the support obligation based upon an application of the statutory percentage to the total combined parental income and then balance the sum thus derived against the children's reasonable support requirements, the family's preseparation standard of living and the parties' respective financial resources. If, on balance, that level of support is determined to be unjust or inappropriate, then the court should consider the factors set forth in Domestic Relations Law § 240 (1-b) (f), make findings thereon and establish an appropriate level of child support in view thereof (Domestic Relations Law § 240 [1-b] [c] [2], [3]; *see, Darema-Rogers v Rogers*, 199 AD2d 456; *Newkirk v Newkirk*, 194 AD2d 842; *Matter of Holmes v Holmes*, 184 AD2d 185, 187-188; *Harmon v Harmon*, 173 AD2d 98, 110-111). Here, Supreme Court's analysis was limited to the patently incorrect conclusion that "none of [the 10 factors enumerated in Domestic Relations Law § 240 (1-b) (f)] apply to this case".

We have considered plaintiff's remaining contentions and find them to lack merit.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the appeal from the judgment is dismissed, without costs. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as determined child support; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision and, in the meantime, defendant shall continue paying plaintiff child

support in accordance with Supreme Court's order; and, as so modified, affirmed.