[622 NYS2d 387]

CAROL RISELEY, Respondent-Appellant, v MARK RISELEY, Appellant-Respondent.

Third Department, February 9, 1995

APPEARANCES OF COUNSEL

*S. James Matthews,* Kingston, for appellant-respondent.

*Satz, Kirshon & Rosa, P. C.,* Poughkeepsie *(Perry Satz* of counsel), for respondent-appellant.

## OPINION OF THE COURT

MERCURE, J.

The parties, parents of two daughters, Jenna and Nicole, were divorced in 1988. The judgment of divorce awarded plaintiff custody of the children and provided that defendant pay (1) "base" support of $250 per week, equally allocated between the two children, (2) additional proportional support based upon defendant's earnings in excess of his 1988 "base" salary of $46,800, and (3) one half of the cost of the children's

undergraduate education, including tuition, board and books, after application of custodian accounts established for the children's education. In addition, defendant was to maintain decreasing term life insurance sufficient to satisfy his basic support obligation until the children respectively attain majority and medical, hospital and dental insurance equivalent to that in effect at the time of the divorce. On September 17, 1989, Nicole left plaintiff's residence and took up residence with defendant; at the same time, defendant unilaterally reduced his payments of basic support by half. On March 1, 1990, defendant moved to modify the judgment of divorce accordingly, and plaintiff cross-moved for arrears and counsel fees. Supreme Court granted the motion and denied the cross motion.

On appeal, this Court determined that although Nicole's relocation constituted a change of circumstances justifying a modification of defendant's support obligation, Supreme Court should have applied the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; hereinafter CSSA) to determine the new level of support (173 AD2d 1103, 1104). We further determined that plaintiff was entitled to collect child support arrears from the time of defendant's unilateral reduction of his payment until the time of his application to amend the judgment of divorce and, because the default was willful, reasonable counsel fees, to be determined by Supreme Court following a hearing (supra, at 1104). Following remittal, Supreme Court determined defendant's arrears as of March 1, 1990, replaced defendant's "base" support obligation under the judgment of divorce with a proportional support award for Jenna, computed by applying the CSSA statutory percentage to the first $80,000 of the parties' combined income (see, Domestic Relations Law § 240 [1-b] [b] [3]; [c] [2]), left in effect the remaining support provisions of the parties' judgment of divorce, including the requirements that defendant pay additional support based upon income in excess of $46,800 and pay one half of the expense of the children's undergraduate college education, and awarded plaintiff counsel fees of $10,000. The parties cross-appeal.

Initially, we agree with defendant that Supreme Court erred in its calculation of defendant's support obligation under the CSSA for the period beginning March 1, 1990, requiring reversal of Supreme Court's determination and remittal for a new hearing. First, Supreme Court incorrectly segmented defendant's support obligation, fixing basic support in accor-

dance with the CSSA but leaving in effect the remaining support provisions of the judgment of divorce. Because a support award under the CSSA is intended to satisfy all of a child's basic requirements, there is a substantial likelihood that Supreme Court's determination made duplicate provision for certain of Jenna's needs *(see,* Domestic Relations Law § 240 [1-b] *[l]; Lenigan v Lenigan,* 159 AD2d 108, 112). Second, Supreme Court considered only support for Jenna, giving no consideration to Nicole's needs and the fact that defendant was providing for them *(see, Buck v Buck,* 195 AD2d 818). Third, although Supreme Court recites in its written decision that it considered Jenna's actual needs and the factors set forth in Domestic Relations Law § 240 (1-b) (f), there is serious question as to whether the statutory mandate was actually fulfilled *(see, Faber v Faber,* 206 AD2d 644, 646; *Kessinger v Kessinger,* 202 AD2d 752, 754). Significantly, our review of the record discloses no evidence from which Jenna's needs could be determined or such as would have permitted intelligent consideration of most of the statutory factors.

█ In view of the fact that one of the parties' children lived with each of them and neither party contends that the statutorily permitted exceptions are applicable *(see,* Domestic Relations Law § 240 [1-b] [d], [g]), Supreme Court should have first determined the parties' combined parental income (Domestic Relations Law § 240 [1-b] [c] [1]) and then computed each party's proportionate obligation for support of the child residing with the other party by applying the applicable 17% child support percentage *(see, Matter of Commissioner of Social Servs. of City of N. Y. [Patricia H.] v Raymond S.,* 180 AD2d 510, 513-514). If, after a careful consideration and elaboration of the children's respective needs, it appeared that application of the statutory formula to the first $80,000 of combined income derived a sufficient level of support, then the party's proportionate support obligation should have been thus computed (Domestic Relations Law § 240 [1-b] [c] [2]). If, on the other hand, that level of support was determined to be insufficient, additional support should have been ordered, based upon application of the statutory formula to some or all of the combined parental income in excess of $80,000 and/or consideration of the factors identified in Domestic Relations Law § 240 (1-b) (f)* (Domestic Relations Law § 240 [1-b] [c] [3]; *see,*

---

* The decision in *Kessinger v Kessinger (supra)* should not be read to create a presumption in favor of an application of the statutory percentage.

*Darema-Rogers v Rogers,* 199 AD2d 456, 457; *see also, Kessinger v Kessinger, supra; Matter of Panossian v Panossian,* 201 AD2d 983; *Matter of Smith v Smith,* 197 AD2d 830, 831-832; *Manno v Manno,* 196 AD2d 488, 490). Finally, the court should have prorated the parties' respective shares of reasonable health care expenses (Domestic Relations Law § 240 [1-b] [c] [5]) and, if deemed appropriate, made an award of educational expenses (Domestic Relations Law § 240 [1-b] [c] [7]). With the parties' respective obligations thus determined, a net support obligation should have been derived by subtracting the smaller from the greater of them.

Although the record provides adequate evidence to permit a calculation of the parties' income, in the absence of any evidence concerning the children's needs (the record does not even identify Jenna's age), we are unable to fix defendant's net support obligation. As a consequence, and despite the fact that this motion was made in Supreme Court more than four years ago, we have no alternative but to order yet another remittal.

Finally, we are not persuaded that Supreme Court abused its discretion in fixing plaintiff's counsel fee award at $10,000. We have considered the parties' remaining contentions, which we find to be lacking in merit or academic in light of our determination that the parties' judgment of divorce does not wholly or partially establish defendant's support obligation.

MIKOLL, J. P., WHITE, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as determined defendant's support obligation and support arrears for the period beginning March 1, 1990; matter remitted to the Supreme Court for a hearing on the issue of the parties' respective support obligations for the period beginning March 1, 1990 and further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

There is no presumption in favor of either approach and courts should determine on a case-by-case basis whether (1) to apply the statutory percentage to some or all of the income over the $80,000 cap, making specific findings of the children's actual needs, or (2) to determine the level of support based upon a consideration of the statutory factors *(see, generally,* Scheinkman, 1994 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C240:27, 1995 Pocket Part, at 286-287).