■ NANCY J. SOUTHWICK, Respondent, v BRYAN J. SOUTHWICK, Appellant. (Appeal No. 1.) [627 NYS2d 497] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In its award of retroactive child support, Supreme Court should have granted defendant a credit for a portion of his payment of expenses associated with the marital residence and his voluntary payments to plaintiff (see generally, Bara v Bara, 130 AD2d 613; Yecies v Yecies, 108 AD2d 813; Neumark v Neumark, 97 AD2d 537). By order dated July 7, 1988, the court directed defendant to pay the following expenses associated with the marital residence: "realty taxes, water charges,

electricity, telephone, cable television, real property insurance and garbage removal". Defendant failed to provide documentation establishing that he paid those expenses for 1988 to support his request for a partial credit for that year. Defendant's exhibit No. 4 provides documentation to support defendant's claim for a partial credit for the years 1989 through 1992. That exhibit shows that defendant paid household expenses of $3,901.13 in 1989; $4,815.55 in 1990; $5,243.54 in 1991; and $5,529.10 in 1992. Defendant is entitled to a partial child support credit because he cohabited in the house with plaintiff and the children during 1989, 1990, and half of 1991, and plaintiff lived in the house with the children during the remainder of 1991 and 1992. Under those circumstances, defendant is entitled to a credit in the amount of one half of his household expenditures during the period he occupied the marital residence and two thirds of his household expenditures during the period he did not occupy the marital residence. Defendant is entitled, therefore, to a credit in the amount of $11,103.11 for his payment of expenses associated with the marital residence for the years 1989 through 1992.

The record further establishes that in June 1987 defendant gave plaintiff $30,000 for expenses for the children and herself. Because the $30,000 was not a credit against plaintiff's equitable distribution award, it must be considered unallocated support and maintenance. The record also establishes that in June 1988 defendant gave plaintiff voluntary support payments of $1,500. Based on the court's unchallenged methodology in distributing defendant's unallocated support and maintenance payments, defendant is entitled to a credit of $22,106 for those voluntary payments.

We modify the judgment on appeal, therefore, by vacating the award of retroactive child support in the amount of $70,509.62 and by providing that plaintiff is entitled to an award of retroactive child support in the amount of $37,300.51. (Appeal from Judgment of Supreme Court, Onondaga County, Reagan, J.—Child Support.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.