■ DAVID GROSSMAN, Appellant, v ELISE E. GROSSMAN, Respondent. [638 NYS2d 130] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from (1) stated portions of a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated November 30, 1993, which, after a nonjury trial, *inter alia,* granted custody of the parties' children to the defendant wife, awarded the defendant a distributive award of $40,000, directed the plaintiff to pay certain counsel fees, directed the plaintiff to pay $385 per week in child support and $300 per week maintenance, directed the transfer of the marital residence to the defendant, and directed the plaintiff to pay all unreimbursed medical, dental, optical, and pharmaceutical

expenses for the children until their emancipation, (2) an order of the same court (McCaffrey, J.), dated February 18, 1994, which denied his motion for a stay of enforcement of the judgment of divorce pending appeal, and (3) an order of the same court (Kohn, J.), dated March 2, 1994, which, *inter alia,* held the plaintiff in contempt of court for failure to comply with the judgment of divorce.

Ordered that the judgment is modified, on the law and the facts, by (1) adding to the 12th decretal paragraph thereof, which directed the plaintiff to pay all unreimbursed medical, dental, optical, and pharmaceutical expenses for the children until their emancipation, before the word "unreimbursed", the word "reasonable", (2) deleting the 14th decretal paragraph thereof, which directed the plaintiff to pay the defendant maintenance in the amount of $300 per week, (3) deleting the 15th decretal paragraph thereof, which directed the plaintiff to pay $385 per week in child support, (4) reducing the defendants' distributive award from $40,000 to $25,000, and (5) adding thereto a provision that, in the event the mortgage on the marital condominium is ever foreclosed, and the plaintiff is held liable for a deficiency judgment, the defendant shall indemnify the plaintiff; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated February 18, 1994, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated March 2, 1994, is modified, on the law, by (1) deleting the provisions thereof which found the plaintiff to be in arrears in payments of maintenance and child support in the amount of $71,145, awarded the defendant that sum, authorized the commitment of the plaintiff to jail if he did not pay that sum within seven days, and directed the plaintiff to pay maintenance of $300 per week and child support of $385 per week, (2) deleting the provision thereof which authorized the defendant to enter a money judgment for $40,000 and substituting therefor a provision authorizing the defendant to enter a money judgment against the plaintiff in the sum of $25,000, and (3) deleting the provision thereof which directed the plaintiff to return his computer to the defendant, and substituting therefor a provision permitting the plaintiff to retain his computer; as so modified, the order dated March 2, 1994, is affirmed, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court,

Nassau County, for further proceedings consistent herewith, including a new determination of maintenance and child support, and a recalculation of arrears of maintenance and child support and arrears, if any; and it is further,

Ordered that pending a new determination as to child support, the plaintiff shall continue to pay child support of $385 per week; and it is further,

Ordered that the plaintiff's time to pay any arrears of maintenance and child support is extended until 45 days after service upon him of a copy of an amended judgment or order recalculating those arrears, if any.

Domestic Relations Law § 236 (B) (6) (b) provides, with respect to maintenance, that the court "shall set forth the factors it considered and the reasons for its decision". Here, the court never set forth the reasons for its award of maintenance. Further, when awarding child support, the Supreme Court attributed an income of $110,000 to the plaintiff without explaining how it arrived at that figure, and deducted $30,000 for maintenance paid and social security taxes. The use by the Supreme Court of an approximation of income and deductions without explanation or justification was improper *(see, Malatino v Malatino,* 185 AD2d 605). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination of maintenance and child support. The Supreme Court should also determine which parent is entitled to declare the children as dependents for income tax purposes.

Domestic Relations Law § 240 (1-b) (c) (4) provides that the court shall prorate each parent's share of reasonable health care expenses of a child not covered by insurance in the same proportion as each parent's income is to the combined income. The Supreme Court should have included the word "reasonable" in its judgment. The plaintiff acknowledges that the defendant is unemployed and he provides the sole support for his children. Thus, the Supreme Court was not required to prorate those expenses between the parties. However, in the event that the circumstances of the parties change, and the defendant attains regular income, the plaintiff may move to amend the judgment, at which point the court shall direct that the unreimbursed health care expenses of the children be prorated between the parties.

We further note that the Supreme Court, in valuing the plaintiff's dental practice, failed to take into account debts incurred to acquire the practice. The plaintiff's uncontroverted testimony was that, when the action was commenced, that outstanding debt amounted to approximately $30,000. Thus,

the defendant's distributive award is reduced from $40,000 to $25,000.

Since the defendant was granted sole title to the condominium, she should indemnify the plaintiff in the event the mortgage is ever foreclosed, and the plaintiff is ever held liable for any deficiency judgment.

The divorce judgment awarded the defendant "all marital property currently within the marital residence", which did not include the plaintiff's computer, which was removed from the marital residence in 1991. Accordingly, the plaintiff is entitled to retain his computer.

The plaintiff's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.