◼ KEVIN JUNKINS, Respondent, v ANITA GOLL JUNKINS, Appellant. [656 NYS2d 650] —In an action for a divorce and ancil-

lary relief, the defendant wife appeals (1) from a decision of the Supreme Court, Orange County (Benson, J.H.O.), dated January 10, 1996, (2) as limited by her brief, from stated portions of a judgment of the same court, entered February 9, 1996, which, after a nonjury trial, *inter alia,* (a) limited the child support award to $288.46 per week, (b) awarded the plaintiff husband the right to claim the parties' children as dependents for State and Federal income tax purposes, and (c) awarded the plaintiff husband exclusive possession of the parties' real property in Croton-on-Hudson, and (3) from an order of the same court, dated February 23, 1996, which denied her motion, *inter alia,* for counsel fees.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated February 23, 1996, is dismissed as abandoned, without costs or disbursements *(see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment entered February 9, 1996, is modified, on the law and as a matter of discretion, by (1) deleting the fifth and sixth paragraphs thereof, (2) deleting the seventh and eighth decretal paragraphs thereof and substituting therefor a provision directing that the plaintiff husband is authorized to declare one of the parties' two children as an exemption for State and Federal income tax purposes and directing the defendant wife to execute the necessary forms from the Internal Revenue Service in connection therewith, and (3) adding a provision directing the plaintiff husband to pay a pro rata share of the future reasonable health care expenses of the children not covered by insurance in the same proportion as his income is to the combined parental income; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a new determination on the issue of child support in accordance herewith; in the interim, the plaintiff husband shall continue to pay child support of $288.46 per week.

In calculating the amount of the child support award pursuant to the Child Support Standards Act *(see,* Domestic Relations Law § 240), the Supreme Court erred in failing to count $675 per month in rental income the plaintiff husband receives *(see, Campanella v Campanella,* 232 AD2d 598; *Shankles v Shankles,* 173 AD2d 461). The court further erred in failing to add reasonable child care expenses incurred by the defendant

wife to the basic child support amount owed by the plaintiff husband *(see, Matter of Cassano v Cassano,* 85 NY2d 649, 655; *Grossman v Grossman,* 224 AD2d 489; *Matter of Bill v Bill,* 214 AD2d 84, 85; *Slankard v Chahinian,* 204 AD2d 529, 530). Contrary to the plaintiff husband's contention, the record contained sufficient evidence for the court to determine the amount of reasonable child care expenses and upon remittal the court must do so *(see,* Domestic Relations Law § 240 [1-b] [c] [4]).

Further, the court opted to apply the child support percentage (in this case 25%) to the combined parental income over $80,000. While the statute explicitly vests discretion in the court to apply the stated percentage to income over $80,000, rather than apply the factors set forth in Domestic Relations Law § 240 (1-b) (f), there must be "some record articulation of the reasons for the court's choice * * * to facilitate * * * review" *(Matter of Cassano v Cassano, supra,* at 655). Inasmuch as the record is bereft of the court's reasons for its choice, the court must set forth the factors it considered and the reasons for its determination *(see, Zaremba v Zaremba,* 222 AD2d 500).

In addition, we direct the plaintiff husband to pay his pro rata share of the reasonable health care expenses of the children not covered by insurance *(see,* Domestic Relations Law § 240 [1-b] [c] [5]; *Grossman v Grossman, supra).*

We find that the court improvidently exercised its discretion in allowing the plaintiff husband to declare both of the parties' children as exemptions for income tax purposes. We find that the tax exemptions should be split evenly, with each party entitled to declare one child as an exemption for Federal and State income tax purposes *(see, Guarnier v Guarnier,* 155 AD2d 744).

We note that the court properly imputed $40,000 of income to the defendant wife based upon her past earnings, actual earning capacity, and educational background *(see, Matter of Zwick v Kulhan,* 226 AD2d 734; *Matter of Mireille J. v Ernest F. J.,* 220 AD2d 503, 504; *Matter of Susan M. v Louis N.,* 206 AD2d 612, 613). Further, the court properly denied the defendant wife maintenance based upon a finding that she had earned a master's degree, was capable of being self-supporting, previously held employment commanding a salary of $60,000 per year, operated her own business, from which she earned at least $15,000 per year, and could earn $40,000 per year in her current employment *(see, Miller v Miller,* 201 AD2d 542, *amended on other grounds* 208 AD2d 812).

The defendant wife's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.