■ WENDY A. DONOHUE, Appellant, v PAUL B. DONOHUE, Respondent. [658 NYS2d 975] —In an action for a divorce and ancillary relief, the plaintiff mother appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Wood, J.), dated June 30, 1995, which, *inter alia*, awarded her child support in the amount of $126 per week.

Ordered that the judgment is modified, on the law, by adding thereto a provision directing the defendant to pay 73% of the future reasonable health care expenses of the children not covered by insurance; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The trial court properly considered all relevant factors before awarding child support and denying maintenance to the plaintiff. Neither the amount nor the duration of the award represented an improvident exercise of discretion *(see, Hartog v Hartog,* 85 NY2d 36; *Costantino v Costantino,* 225 AD2d 651; *Gulotta v Gulotta,* 215 AD2d 724; *Feldman v Feldman,* 194 AD2d 207). Further, the court did not improvidently exercise its discretion in declining to award medical insurance costs to the plaintiff.

The court, however, erred in not apportioning each party's share of the reasonable health care expenses of the children not covered by insurance, pursuant to Domestic Relations Law § 240 (1-b) (c) (5). The defendant earned 73% of the gross family income, and he must bear this proportion of the unreimbursed health care expenses *(see, Grossman v Grossman,* 224 AD2d 489).

The plaintiff's remaining contentions are without merit. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.