■ DAVID GROSSMAN, Appellant, v ELISE E. MERKE-GROSSMAN, Respondent. [670 NYS2d 580] —In an action for a divorce and ancillary relief, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered March 11, 1997, as, (1) upon remittitur (*see, Grossman v Grossman,* 224 AD2d 489), recalculated his arrears in maintenance and child support, only reducing the sum to $38,895, and (2) denied his motion for modification of visitation.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof which recalculated his arrears in maintenance and child support reducing the sum to only $38,895; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a recalculation of arrears of maintenance and child support, taking into account the actual amount of the various "carrying charges" paid by the former husband on behalf of the former wife and children in accordance with the July 17, 1991, pendente lite order, and their appropriate allocation as between maintenance and child support; and it is further,

Ordered that the former husband's time to pay any arrears of maintenance and child support is extended until 45 days after service upon him of a copy of a judgment or amended order recalculating those arrears, if any.

The record reveals that the plaintiff was making substantial payments for various expenses of the defendant and the children, apart from his maintenance and child support payments, during the pendency of this action, and that these payments

were implicitly required to be paid as part of the temporary maintenance and child support award granted by the pendente lite order of July 17, 1991. However, the actual amount of such payments, and their appropriate allocation as between maintenance and child support, cannot be accurately determined on this record. Accordingly, we remit the matter for further proceedings, including a new determination of arrears, taking into account the actual amount of the various "carrying charges" paid by the plaintiff on behalf of the defendant and the children in accordance with the July 17, 1991, pendente lite order. Even assuming that such payments were voluntarily made, under the circumstances presented herein, the plaintiff should be permitted to offset such payments against accrued arrears (*see, Southwick v Southwick,* 214 AD2d 987; *Kessinger v Kessinger,* 202 AD2d 752, 753; *West v West,* 151 AD2d 475; *Bara v Bara,* 130 AD2d 613).

The plaintiff paid $27,600 in maintenance after the defendant remarried without his knowledge. He is entitled to recoup this payment by a credit offsetting any arrears or, if there are no arrears or the arrears are insufficient to cover the overpayments, a money judgment for the appropriate sum due (*see, Jacobs v Patterson,* 143 AD2d 397, 398).

We have considered the plaintiff's remaining contention and find it to be without merit. O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.