■ Deborah Miller, Respondent, v Allan B. Miller, Appellant. [807 NYS2d 632]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of an amended judgment of the Supreme Court, Suffolk County (Kent, J.), entered June 15, 2004, as, upon remittitur (see Miller v Miller, 299 AD2d 463 [2002]), and upon recalculating his child support arrears retroactive to June 25, 1998, and crediting him for payments attributable to child support he made pursuant to the pendente lite order dated October 19, 1999, awarded retroactive child support to the plaintiff in the sum of $43,022.94.

Ordered that the amended judgment is modified, on the law and the facts, by deleting the provision thereof awarding child support arrears in the sum of $43,022.94 and substituting therefor a provision awarding child support arrears in the sum of $29,352.51; as so modified, the amended judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in allocating one half of the carrying costs for the marital home paid by the defendant towards his child support obligation and one half of the carrying costs towards maintenance (see Stern v Stern, 273 AD2d 298, 299 [2000]; Crane v Crane, 264 AD2d 749, 752 [1999]).

However, in calculating child support arrears, the Supreme Court erred in failing to credit the defendant with one half of the carrying costs for the marital home and related expenses paid during the period between the commencement of the action on June 25, 1998, and June 22, 1999, the date when the defendant became obligated to pay the carrying costs pursuant to the pendente lite order dated October 15, 1999, particularly as the amended judgment of divorce awarded the plaintiff child support retroactive to the commencement of the action, when such relief was initially requested (see Mellen v Mellen, 260 AD2d 609, 610 [1999]; Pascale v Pascale, 226 AD2d 439, 440 [1996]). Since it is uncontested on appeal that the documented payments made after the commencement date and prior to the pendente lite award totaled $27,340.85, the defendant was entitled to an additional credit against child support arrears of one half of that amount, i.e., $13,670.43, thereby reducing total arrears from the sum of $43,022.94 to the sum of $29,352.51 (see Grossman v Merke-Grossman, 248 AD2d 670, 671 [1998]; Southwick v Southwick, 214 AD2d 987 [1995]; Kessinger v Kessinger, 202 AD2d 752, 753 [1994]).

The defendant's remaining contentions are without merit. Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.