— In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated June 27, 2007, as denied those branches of her motion which were for an upward modification of an award of pendente lite maintenance and child support, and for an award of arrears of pendente lite maintenance and child support.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court did not err in denying the wife’s motion for an upward modification of pendente lite maintenance and child support, as she failed to establish a substantial change in circumstances (see Domestic Relations Law § 236 [B] [9] [b]). Furthermore, widely divergent views of the parties’ financial circumstances have been presented in their submissions. Therefore, the best remedy for any perceived inequities in the pendente lite award is a speedy trial, at which the disputed issues concerning the parties’ financial capacity and circumstances can be fully explored (see Hudak v Hudak, 222 AD2d 404 [1995]; see also Pascazi v Pascazi, 52 AD3d 664 [2008]; Swickle v Swickle, 47 AD3d 704 [2008]).
The court did not err in denying the wife’s claim for an award of arrears of pendente lite maintenance and child support. The *425 husband made certain payments toward the marital residence for which the wife was responsible, effectively relieving her of these expenses. The husband should be credited for these payments, and is entitled to offset such payments against any accrued arrears (see Bara v Bara, 130 AD2d 613 [1987]; Yecies v Yecies, 108 AD2d 813 [1985]). Given the limited financial information provided to this Court, it is impossible to determine the actual amount paid by the husband, and the amount, if any, owed by the husband to the wife. These issues are best resolved at trial (see Shankles v Shankles, 173 AD2d 461 [1991]; Rogers v Rogers, 151 AD2d 738 [1989]; Neumark v Neumark, 97 AD2d 537 [1983]). Skelos, J.E, Ritter, Garni and Dickerson, JJ., concur.