■ MARIBETH D'ALAURO, Appellant, v RICHARD PETER D'ALAURO, Respondent. [53 NYS3d 362]—

Appeal from a judgment of the Supreme Court, Suffolk County (John C. Bivona, J.), entered August 12, 2015. The judgment, upon a decision of that court dated January 8, 2015, insofar as appealed from, inter alia, awarded the plaintiff only 30% of the defendant's City of Glen Cove police department pension, 40% of the defendant's National Rifle Association pension, and maintenance in the sum of $100 per week for a period of five years retroactive to the date of commencement of the action, failed to award the plaintiff any retroactive child support or a portion of the defendant's 401K account, failed to require the defendant to pay any of the parties' pre-commencement credit card debt, unreimbursed medical expenses, or college costs, directed that the marital residence be sold and the proceeds be divided equally after the defendant received a 4% fee for acting as receiver on the sale, and awarded the plaintiff only $20,000 in attorney's fees.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof

awarding the plaintiff maintenance in the sum of $100 per week for 5 years retroactive to the commencement of the action, and substituting therefor a provision awarding the plaintiff maintenance in the sum of $100 per week for 10 years retroactive to the commencement of the action, (2) by adding a provision thereto directing the defendant to pay $25,000 of the parties' pre-commencement credit card debt, and (3) by deleting the provision thereof directing that the defendant receive a 4% fee for acting as receiver on the sale of the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff former wife and the defendant former husband were married in 1985 and have two children together. On September 7, 2010, the plaintiff commenced this action against the defendant for a divorce and ancillary relief. The case proceeded to trial. A judgment was entered on August 12, 2015, from which the plaintiff appeals.

The plaintiff contends that the Supreme Court improperly awarded her maintenance of a limited duration, rather than lifetime maintenance. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (*see Gafycz v Gafycz*, 148 AD3d 679, 679 [2d Dept 2017]). The court may order maintenance in such amount as justice requires, considering, among other factors, the standard of living of the parties during the marriage, the distribution of marital property, the duration of the marriage, the health and present and future earning capacity of the parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance (*see* Domestic Relations Law § 236 [B] [6] [a]; *Chaudry v Chaudry*, 95 AD3d 1058, 1059 [2012]). Taking these factors into consideration here, the court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $100 a week for a limited duration only. Nevertheless, under the circumstances of this case, we deem it appropriate to extend the duration of the maintenance from 5 years to 10 years (*cf. Cukier v Cukier*, 54 AD3d 385, 386 [2008]).

Also, considering the circumstances of the case, the Supreme Court providently exercised its discretion in awarding the plaintiff only 30% of the defendant's City of Glen Cove police department pension for the period of time the parties were married and a 40% share of the defendant's pension from the National Rifle Association (*see* Domestic Relations Law § 236 [B] [5] [d] [6], [13]).

The plaintiff is correct that she was entitled to child support for the parties' children until they were emancipated in 2012 and 2013, respectively. However, taking into account the sums paid by the defendant for pendente lite child support and the portion of carrying charges on the marital residence that were attributable to child support, including the money paid to satisfy two home equity loans, the plaintiff was not due any additional money for child support (*cf. Markowitz v Markowitz*, 146 AD3d 872, 874 [2017]; *Miller v Miller*, 25 AD3d 537, 538 [2006]).

Next, given the evidence at trial, the Supreme Court did not err in declining to require the defendant to pay certain college costs for the parties' son (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *cf. Silverstein v Silverstein*, 107 AD3d 779, 780 [2013]).

The Supreme Court did not improvidently exercise its discretion in directing that the defendant pay only $20,000 of the plaintiff's counsel fees (*see* Domestic Relations Law § 237 [a]; *Dochter v Dochter*, 118 AD3d 665, 666 [2014]). However, the court should have directed the defendant to pay the plaintiff $25,000 of the parties pre-commencement credit card debt (*see DiFiore v DiFiore*, 87 AD3d 971 [2011]).

The record supports the Supreme Court's determination that the marital residence be sold and the proceeds of the sale be divided equally. However, the court improvidently exercised its discretion in directing that the defendant receive a commission for acting as a receiver on the sale.

The plaintiff's remaining contentions are without merit. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.