■ DOUGLAS HARNED, Respondent, v BARBARA HARNED, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her notice of appeal and brief, from so much of a judgment of the Supreme Court, Suffolk County (Dunn, J.), entered December 7, 1989, as, after a nonjury trial, directed the distribution of the parties' marital property.

Ordered that the judgment is modified, by deleting the provision thereof awarding the defendant $17,950 as her distributive share of the enhancement of the marital residence, and substituting therefor a provision awarding the defendant $27,950 as her distributive share of the enhancement of the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on September 29, 1973, and have no children. They initially lived in a home located at 62 New Highway in Commack, New York, a property owned by the plaintiff's father. The plaintiff's father also owned a saw mill business situated on a 7.67-acre parcel located across the street at 61 New Highway. This parcel was initially owned by the plaintiff's aunt, and then by his father, who inherited the property upon her death in 1975. In or about December 1976 the plaintiff's father gave this property to the plaintiff. Renovations were made to a two-story residence situated on the property at 61 New Highway. The parties occupied this residence from January 1978 until their separation in March 1985.

In March 1985 the plaintiff commenced this action for a divorce and ancillary relief on the ground of constructive abandonment. The Supreme Court granted the plaintiff a divorce and, *inter alia,* directed the distribution of the marital property. The defendant argues that the court did not grant her a proper distributive award with respect to the marital residence or the saw mill business.

With respect to the marital residence, the defendant claims that (1) the court erred when it fixed the value of the marital residence as of the time the action was commenced, rather than at the time of the trial, (2) there was no evidence to support the court's finding that the plaintiff had contributed $20,000 of his separate property to the renovation of the marital residence, and (3) the court erred in its determination that only 20% of the increase in value of the marital residence was a marital asset.

With respect to the saw mill business, the defendant argues that (1) the trial court erred in holding that the plaintiff acquired his interest in the business as a gift since there was evidence that the plaintiff paid $6,000 in consideration, and (2) the court erred when it held that she had failed to prove her entitlement to a distributive award of the saw mill business.

The court did not act improvidently by fixing the value of the marital residence as of the time of the commencement of the action, which was within one month of the parties' separation *(see, Wegman v Wegman,* 123 AD2d 220). Since the property was obtained by the plaintiff as a gift from his father, its enhanced value constitutes separate property, except to the extent that such appreciation was due in part to the contributions or efforts of the defendant *(see,* Domestic Relations Law § 236 [B] [1] [d] [3]). Under the circumstances of

this case, the defendant was not entitled to share in the appreciation of the property accruing after the commencement of the action (see, Price v Price, 69 NY2d 8, 17). Furthermore, the record supports the court's finding that 80% of the property's enhanced value as of the time of commencement of the action was due exclusively to market forces, and not to any efforts or contributions from the defendant.

However, we agree with the defendant's argument that the plaintiff was not entitled to a credit of $20,000 for separate property that he allegedly contributed to the renovation of the marital home. There is no support in the record for the trial court's finding that the plaintiff had used these separate funds to enhance the marital residence. In fact, the plaintiff testified that he reinvested the money he had before the marriage in various certificates of deposit and securities. These assets were distributed equally, as were other items of personalty having an aggregate value in excess of $80,000. Thus, as the defendant argues, her distributive share should have been computed without the $20,000 credit, and accordingly, she was entitled to an award of $27,950 instead of $17,950.

Contrary to the defendant's contention, the court properly concluded, based upon all of the testimony adduced at the trial, that the saw mill business had been given to the plaintiff and his brother as a gift from their father, despite a bill of sale showing a $6,000 payment. The plaintiff worked at the mill during the entire time the parties were married. Both he and his father testified that no money or other consideration had in fact been exchanged. In any event, the defendant failed to present evidence establishing that the business had increased in value from the date it was obtained by the plaintiff until the commencement of the action. Accordingly, the defendant was not entitled to a distributive award with regard to the saw mill business.

The defendant made no claim for maintenance since, at the time of the trial, she was employed as a department store manager earning $26,000 per year, more than the plaintiff's annual income from the saw mill business.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.