■ EVAN ROSSIGNOL, Respondent, v EVELYN SILVERNAIL et al., Appellants. [635 NYS2d 772] —Mercure, J. Appeal from an or-

der of the Supreme Court (Bradley, J.), entered December 22, 1994 in Columbia County, which, *inter alia*, granted plaintiff's motion for summary judgment.

In 1967, defendant Evelyn Silvernail took title to real property in the Town of Claverack, Columbia County, which she and her husband, defendant Thomas Silvernail, thereafter utilized as their primary residence. On July 7, 1987, only one week after plaintiff obtained judgment against Evelyn Silvernail in a defamation action (*see, Rossignol v Silvernail*, 185 AD2d 497, *lv denied* 80 NY2d 760), she conveyed title to the property to herself and Thomas Silvernail, as tenants by the entirety. Plaintiff commenced this action, *inter alia*, to set aside the conveyance pursuant to Debtor and Creditor Law § 273-a. Following joinder of issue and discovery, plaintiff moved and defendants cross-moved for summary judgment. Rejecting defendants' claim that Evelyn Silvernail had held title to the property in constructive trust for her husband and finding that the transfer was fraudulent as a matter of law, Supreme Court granted the motion and denied the cross motion. Defendants appeal.

We affirm. In our view, of the four elements generally deemed necessary for imposition of a constructive trust, i.e., (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance on such promise, and (4) unjust enrichment (*see, Sharp v Kosmalski*, 40 NY2d 119, 121), only one, a confidential relationship, is present in this case. First, keeping in mind that the constructive trust doctrine is a " 'fraud-rectifying' " rather than an " 'intent-enforcing' " remedy (*Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939, 940), we cannot characterize defendants' admitted scheme, to have Evelyn take sole title to the property in 1967 in order to place it beyond the reach of Thomas' creditors and their "understanding" that Evelyn would convey the property to Thomas or his designee upon request, as a "promise" (*see, supra*). Second, in paying the expenses and carrying charges attributable to the property, Thomas, the primary family wage-earner, was merely fulfilling his legal and moral obligation to provide his wife and children with a home. As such, there was no performance "over and above that which could normally be attributed to the give and take of the marital relationship" (*Tidball v Tidball*, 93 AD2d 954, 955) and, thus, no reliance upon any alleged promise. Third, applying principles of equity (*see, Sharp v Kosmalski, supra*, at 123), we are not at all persuaded that there has been any unjust enrichment here. Finally, defendants' alternative argument that fair consideration was given in exchange for the July 1987 property transfer is rejected as specious.

Cardona, P. J., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.