■ DEBRA A. WILCOX, Appellant, v JOHN H. WILCOX, Respondent. [649 NYS2d 222] —White, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), ordering, *inter alia*, equitable distribution of the parties' marital property, entered January 2, 1996 in Delaware County, upon a decision of the court.

After their marriage on May 31, 1980, the parties established their marital residence in a home located on a 240-acre dairy farm owned by defendant's parents in the Town of Masonville, Delaware County. Defendant, in partnership with his father, operated the dairy farm while plaintiff secured outside employment until the parties' first child was born in August 1982. She returned to the workforce in 1985, staying employed until 1987, the year the parties' second child was born. She again secured employment in 1989 and remained employed thereafter. The record shows that, during the marriage, plaintiff contributed her earnings to the marital economic partnership, was the primary caregiver and occasionally performed chores around the farm. She also, without much assistance from defendant, renovated several rooms in the marital residence.

The dairy farm operation proved unprofitable, resulting in the dissolution of the partnership and the termination of farming operations in 1991. Thereafter, when it was learned that defendant's mother had Parkinson's disease which might require extended nursing home care, she conveyed her interest in the farm to her husband who then, on November 1, 1992, conveyed the farm to defendant for a recited consideration of $1.00, retaining a life estate in the property.

Concomitantly, the parties were experiencing marital difficulties which culminated in the commencement of this divorce action on October 27, 1993. At the conclusion of a non-jury trial limited to the economic issues, Supreme Court determined, *inter alia*, that the farm was a gift to defendant from his father and, thus, was defendant's separate property not subject to equitable distribution. It also dismissed plaintiff's cause of action to impose a constructive trust on the farm property. Lastly, Supreme Court denied plaintiff's application for counsel fees. Plaintiff appeals.

Plaintiff takes issue with Supreme Court's classification of the farm as defendant's separate property, contending that the conveyance between defendant and his father was not a gift. The hallmark of a gift is that it is "a voluntary transfer of property without consideration or compensation" (62 NY Jur 2d, Gifts, § 1, at 182-183). Here, defendant's father testified that he gave the farm to defendant because he wanted to keep it in the family. He further testified that he received no money or any other thing of value from defendant, who confirmed that he paid nothing of value to his father. It further appears that the conveyance was prompted by the desire to shield the farm from any claims for nursing home or medical expenses incurred by defendant's mother. As we accord deference to Supreme Court's assessment of credibility issues and the weight of the evidence (*see*, *Schweitzer v Heppner*, 212 AD2d 835, 839), we conclude that Supreme Court's determination that the subject conveyance was a gift is amply supported by the evidence. Hence, it was properly classified as defendant's separate property (*see*, *Feldman v Feldman*, 194 AD2d 207, 215; *Harned v Harned*, 185 AD2d 226, 227-228, *lv denied* 80 NY2d 762).

Our focus now turns to whether Supreme Court should have imposed a constructive trust on the farm property. A constructive trust is an equitable remedy available when the holder of the legal title may not in good conscience retain a beneficial interest (*see*, *Terrille v Terrille*, 171 AD2d 906, 907). Stated differently, "the constructive trust doctrine is a ' "fraud-rectifying" ' rather than an ' "intent-enforcing" ' remedy" (*Rossignol v Silvernail*, 222 AD2d 939, 940, quoting *Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939, 940).

Here, the record shows that the parties entered into their marriage with the expectation that they would eventually purchase the farm from defendant's parents. It is undisputed that plaintiff devoted work, time and effort toward the fulfillment of this expectation. These efforts, however, do not appear to have exceeded those normally expected from a partner in a marital economic partnership. Moreover, there is no evidence that plaintiff invested substantial sums in the farm or that her efforts significantly appreciated its value (*compare*, *Booth v Booth*, 178 AD2d 712). In light of this record, we agree with Supreme Court that the imposition of a constructive trust was not warranted since its imposition would only serve to enforce the parties' intent rather than to rectify fraud (*see*, *Rossignol v Silvernail, supra*).

Taking into account the fact that the parties' income is ap-

proximately equal and that the marital debt exceeded the value of the marital assets, Supreme Court did not abuse its discretion in denying plaintiff's application for counsel fees (*see, De-Cabrera v Cabrera-Rosete*, 70 NY2d 879, 881).

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.