■ FREDERICA DAREMA-ROGERS, Respondent-Appellant, v DENNIS ROGERS, Appellant-Respondent. [651 NYS2d 870] —In a matrimonial action in which the parties were divorced by judgment dated November 30, 1992, (1) the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered January 19, 1996, as directed him to pay $48,469 in retroactive child support and $1,601.38 in unreimbursed medical expenses, and (2) the plaintiff wife cross-appeals from so much of the same order as awarded the husband a credit of $10,000 towards retroactive child support.

Ordered that the order is modified, on the law, by deleting the provision thereof directing the defendant to pay retroactive child support in the sum of $48,469; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the defendant's retroactive child support in accordance herewith.

On a prior appeal in this action, this Court vacated the award of child support and remitted the matter to the Supreme Court, Westchester County, to make a new determination as to child support based on "findings with respect to its application of the statutory 25% child-support percentage to that portion of the parties' combined income in excess of $80,000" *(Darema-Rogers v Rogers,* 199 AD2d 456, 457). The court failed to make such findings. Accordingly, we again remit the question of child support to the Supreme Court, Westchester County, so it can make those findings *(see, Matter of Cassano v Cassano,* 85 NY2d

649, 655; *Manno v Manno,* 224 AD2d 395). The court must also determine whether the former husband is entitled to additional credits for voluntary payments for his children which were made before any order awarding child support was issued *(see, Verdrager v Verdrager,* 230 AD2d 786).

We note that the propriety of a stipulation between the parties that retroactive child support determined by a court is to be liquidated at the rate of $600 per month is not before us.

The parties' remaining contentions are without merit. Goldstein, J. P., Florio, McGinity and Luciano, JJ., concur.