■ DON S. PERRY, Appellant, v CAROL A. PERRY, Respondent. [652 NYS2d 163] —Spain, J. Appeal from an order of the Supreme Court (Cobb, J.), entered October 2, 1995 in Columbia County, which denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment.

The parties were married on September 21, 1984. On December 10, 1984 plaintiff executed a deed wherein he transferred his sole interest in a parcel of real property located in the Village of Valatie, Columbia County (hereinafter the real property) to himself and defendant as "husband and wife". In mid-1986 the parties discovered that plaintiff's previous marriage had not been formally dissolved until approximately two months after their wedding ceremony. It is undisputed that the parties continued to reside together and conduct their financial and social affairs as a partnership; however, the parties did not thereafter enter into a lawful marriage. Throughout their relationship the parties shared the expenses of the real property both before and after the transfer; further, defendant made a financial commitment to retire back taxes that had accumulated on the real property.

In May 1994, after their relationship deteriorated, plaintiff commenced this action seeking imposition of a constructive trust upon the real property; defendant counterclaimed for partition of the real property. Thereafter plaintiff moved for summary judgment and defendant cross-moved for the same relief. Supreme Court determined that plaintiff was unable to establish the existence of two of the four requisite elements necessary to impose a constructive trust; specifically Supreme Court found a lack of a promise and a lack of unjust enrichment. Supreme Court did, however, grant defendant's motion

and appointed a Referee to effect a partition of the real property. Plaintiff appeals.

We affirm. We agree with Supreme Court that of the four elements generally deemed necessary for imposition of a constructive trust, i.e., (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance on such promise, and (4) unjust enrichment (see, Sharp v Kosmalski, 40 NY2d 119, 121; Rossignol v Silvernail, 222 AD2d 939), plaintiff has failed to establish, at the minimum, the existence of a promise. Plaintiff transferred the property after the marriage ceremony and approximately 1½ years prior to their discovery that they were not validly married. Clearly the transfer was neither made in contemplation of their 1992 "marriage" nor any subsequent marriage proposal. Plaintiff asserts that the "promise" element was met at the time of their marriage ceremony in that he had the right to rely on defendant's promise "to be and remain married" until divorced. In our view this assertion is without merit; Supreme Court correctly determined that "[n]o such promise can be inferred from participation in a marriage ceremony". There is nothing in the record to suggest that the parties were attempting to shield the real property from creditors but, rather, plaintiff made a decision to create a tenancy by the entirety for the benefit of both he and defendant. We find no promise, implied or otherwise, in existence at the time of the transfer, thereby defeating any attempt by plaintiff to impose a constructive trust.

In light of the foregoing there is no need to address the remaining elements necessary to establish a constructive trust.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.