■ JOSEPH CHABBOTT, Appellant, v DEBRA CHABBOTT, Respondent. [761 NYS2d 275] —In a matrimonial action in which the parties were divorced by judgment dated November 9, 1998,

the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Yancey, J.), dated April 20, 2001, as granted those branches of the defendant's cross motion which were to direct that certain payments be made out of funds being held in escrow from the sales of the parties' Brooklyn, New York, and Deal, New Jersey, properties.

Ordered that the order is modified, on the law and the facts, by (1) deleting from the third decretal paragraph thereof the sum "$221,153.01," and substituting therefor the sum "$209,500.16"; and (2) adding to the enumerated list of items in the third decretal paragraph the following: "credit to the plaintiff in the sum of $11,652.85 to be reimbursed by the defendant"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court's denial of a credit to the plaintiff to be applied to the amount owed to the defendant representing mortgage and tax payments made on the parties' real properties was inconsistent with both the judgment of divorce and a prior decision of Supreme Court dated July 29, 1998. These were marital obligations. The plaintiff correctly contends that he was entitled to a credit of $6,933.00 representing his share of carrying charges on the parties' former marital home in Brooklyn, and $2,934.25 representing his share of carrying charges on the parties' former summer home in Deal, New Jersey. Likewise, the Supreme Court erred insofar as it denied the former husband's application for a credit in the sum of $1,785.60 for back taxes owed to the Internal Revenue Service. This too, was a joint obligation to be shared equally by the parties.

Contrary to the plaintiff's contentions, he did not establish entitlement to an offset for charges incurred pursuant to the parties' "possession agreement" with the purchasers of the Brooklyn residence. With the purchasers' consent and pursuant to a graduated pricing scheme, the plaintiff continued to reside in the former marital residence for more than a month after the closing. The Supreme Court correctly found that the resulting charges were incurred due to the plaintiff's unjustified refusal to promptly vacate the former marital residence. Thus, they should be borne by him alone.

The plaintiff's contentions with respect to the denial of his cross motion to compel the receiver to provide an accounting is raised for the first time in his reply brief. Therefore, it is not properly before this Court (*see Berkey v Emma,* 291 AD2d 517, 518 [2002]; *Morgan v New York City Hous. Auth.,* 255 AD2d 565 [1998]).

The appellant's remaining contentions are without merit. Florio, J.P., S. Miller, Adams and Crane, JJ., concur.