■ RAMONA HODGES, Respondent, v WAYNE HODGES, Appellant. [825 NYS2d 734]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Stack, J.), entered March 10, 2005, which, after a nonjury trial, inter alia, directed the plaintiff to pay the sum of only $25 per month in child support commencing within 15 days of the entry of judgment and deferred payment of the plaintiff's pro rata share of unreimbursed medical, dental, pharmaceutical, or mental health expenses for two years from the entry of judgment.

Ordered that the judgment is modified, on the law and as a matter of discretion, (1) by deleting from the first sentence of the seventh decretal paragraph thereof the words "relieved of the statutory amount of child support and directed to pay $25.00" and substituting therefor the words "directed to pay the statutory amount of $400," (2) by deleting from the last sentence of the seventh decretal paragraph thereof the amount "25.00" and substituting therefor the amount "$400.00," and (3) by deleting from the last sentence of the eighth decretal paragraph thereof the words "two years from" and substituting therefor the words "within fifteen (15) days of"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

A court may deviate from directing a noncustodial parent to pay his or her share of the basic child support obligation under the Child Support Standards Act (hereinafter the CSSA) if it finds that amount to be "unjust or inappropriate" (Domestic Relations Law § 240 [1-b] [f]; see Bast v Rossoff, 91 NY2d 723, 727 [1998]; Matter of Wade v Pegues, 296 AD2d 417 [2002]; Matter of Cary v Megerell, 219 AD2d 334, 336 [1996]). We do not agree with the Supreme Court's determination that payment of the plaintiff's share of the basic child support obligation would be "unjust and inappropriate" notwithstanding the plaintiff's present unemployed status.

In its decision dated June 16, 2004, the court noted that within two months of the parties' separation, the plaintiff obtained employment for two years as a security screener at an airport. After she lost that job due to changing governmental

regulations, she began to collect unemployment benefits and performed some hospital security work on a per diem basis as well as catering on an "as needed" basis. Her efforts to seek other employment were insufficient in that they were limited to checking newspapers advertisements for jobs in the security field. Notwithstanding the plaintiff's inability to find such work, she admittedly did not seek employment or education in any other field, nor did she register with any employment agency in the security field or otherwise. Notably the court also found that the health problems described by the plaintiff did not restrict her activities in any way or diminish her ability to work.

Notwithstanding that the court imputed income to the plaintiff in the sum of $20,000, of which $4,800 annually, or $400 monthly, would be the plaintiff's share under the CSSA, it relieved her of her statutory obligation thereunder and directed her to pay child support in the sum of $25 monthly. Similarly, the court deferred payment of the plaintiff's pro rata share of unreimbursed medical, dental, pharmaceutical, or mental health expenses for a period of two years. Since there is no indication in the record that the plaintiff cannot work or otherwise provide financial resources to support her children, there is no basis to depart from the application of the prescribed statutory percentage or to defer her contribution to the children's unreimbursed medical expenses (*see Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *Matter of Ballard v Davis*, 259 AD2d 881, 885 [1999]; *Matter of Picciullo v Collein*, 226 AD2d 643, 644 [1996]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.