■ JOAN E. PEEBLES, Respondent, v ROBERT M. PEEBLES, JR., et al., Respondents, et al., Defendants, and DAVID PEEBLES, Appellant. [837 NYS2d 395]—

Cardona, P.J. Appeal from an order of the Supreme Court

(Krogmann, J.), entered March 28, 2006 in Warren County which, inter alia, granted the motion of defendants Sally Stern and Robert M. Peebles, Jr. for summary judgment.

This action concerns four adult siblings and their surviving parent, defendant Gertrude K. Peebles (hereinafter the mother), who are the present co-owners of a vacation residence on the shore of Lake George in Warren County. The property was originally owned by the siblings' parents, however, between 1993 and 2001, the parents began conveying equal partial interests to the siblings as joint tenants with rights of survivorship, while also retaining a small property interest in themselves. The record shows that, following the death of the siblings' father and the incapacity of their mother, relations among the children deteriorated over guardianship issues and other disputes.[1]

Subsequently, plaintiff, one of the four siblings, commenced this action seeking partition or sale of the property against her three siblings, defendant Sally Stern, defendant Robert M. Peebles, Jr. (hereinafter Peebles) and defendant David Peebles (hereinafter defendant), as well as the mother and the mother's temporary guardian. In his answer, defendant opposed the requested relief, asserting, among other things, that prior agreements restricted partition of the property. In their answer, Peebles and Stern joined plaintiff in seeking partition or sale of the property. Thereafter, Peebles and Stern moved for summary judgment requesting an order in favor of themselves, as well as plaintiff, directing partition or sale. Plaintiff submitted an affidavit supporting the requested relief. Defendant served a cross motion seeking, among other things, amendment of his answer to assert a claim for constructive trust and, additionally, summary judgment as to that claim. Supreme Court granted the motion for summary judgment brought by Peebles and Stern and denied defendant's cross motion.[2] The court ordered "the sale of the property and the division of all proceeds among the parties according to their respective shares after the payment of lawful costs and expenses." This appeal by defendant ensued.

Initially, defendant contends that Supreme Court improperly

1. Although defendant Janet Thayer was originally appointed as the mother's temporary guardian, the record indicates that she was later replaced by a permanent guardian.

2. Supreme Court noted in its decision that, while no papers on the cross motions were submitted on behalf of the mother, her permanent guardian appeared at oral argument and consented to jurisdiction and the motion for summary judgment by Peebles and Stern. That guardian also joined in respondents' brief for this appeal.

denied his cross motion to amend his answer since, among other things, the other parties had notice of his claim for a constructive trust and, therefore, the amendment would not have prejudiced them. However, regardless of the extent of prejudice herein, we conclude that the court appropriately denied the cross motion. Significantly, while leave to amend pleadings is generally freely granted (see *Rothberg v Reichelt*, 5 AD3d 848, 849 [2004]; *Moon v Clear Channel Communications*, 307 AD2d 628, 629 [2003]), such requests should not be granted where the proposed amendment is lacking in merit (see *id.*). Moreover, absent an abuse of discretion, a trial court's decision in that regard should not be disturbed (see *Rothberg v Reichelt, supra* at 849).

Notably, in order to demonstrate entitlement to a constructive trust, a party must show a confidential or fiduciary relationship, a promise made, a transfer made in reliance on that promise, and unjust enrichment (see *Moak v Raynor*, 28 AD3d 900, 902 [2006]; *Leire v Anderson-Leire*, 22 AD3d 944, 945 [2005]). Here, while it is undisputed that the familial relationship between the parties is sufficient to demonstrate a confidential relationship, defendant did not submit any evidence indicating the existence of an express promise on the part of the siblings to keep the property within the family. Furthermore, while defendant claims in an affidavit that his siblings assured their parents that the property would remain in the family, his siblings deny such an arrangement and, significantly, the proof in the record indicating that their parents *hoped* the children would keep the property in the family actually contradicts any claim that the transfers of property interests to the children by the parents were undertaken as the result of a promise by them not to sell or divide it.[3] Specifically, while a January 23, 2001 letter from the mother to her children requested that each of the siblings sign and return the letter indicating their agreement that, among other things, the property remain in the family, it appears that only defendant complied with that request. Thus, as set forth by Supreme Court, it is apparent that there was no prior promise on the part of the siblings because,

---

3. Defendant cites to two letters from the parents to the children, dated October 22, 1997 and January 23, 2001, which, while establishing the "wish" and "hope" of the parents that the property remain in the family, do not prohibit partition and sale. Nor do they indicate that the prior transfers of the property interests were made in reliance of a promise to obey the parents' wishes.

otherwise, there would have been no need for the attempt to create one in January 2001.[4]

Significantly, the purpose of a constructive trust is to rectify fraud, not to enforce an intent (see Wilcox v Wilcox, 233 AD2d 565, 566 [1996]; Rossignol v Silvernail, 222 AD2d 939, 940 [1995]). Here, given the absence of proof of an actual promise that was breached, as opposed to simply the desire of the parents that the children not sell, any issue with respect to unjust enrichment is irrelevant and we conclude that Supreme Court properly denied defendant's cross motion.

Moreover, we conclude that Supreme Court properly directed the sale of the property. In doing so, we find lacking in merit defendant's various arguments to the effect that summary judgment was either premature or improper. Issue was properly joined by all parties, including the mother, as represented by her guardian. Notably, all parties concede that the property is too small to be truly partitioned, leaving sale as the only viable option. While there is no question that defendant opposes this result, we find it significant that even defendant's own submissions and writings in the record recognize the discord and disagreements among the siblings. Inasmuch as defendant has submitted no admissible evidence and alleged no facts which would overcome Supreme Court's determination that there were no enforceable restrictions as to partition or sale, and, further, has not shown that additional discovery would reveal facts necessary to oppose summary judgment which have not yet been brought to light, we conclude that summary judgment in favor of Peebles and Stern was proper.

We have examined defendant's remaining arguments, including his contentions that the attorney representing Stern and Peebles should have been disqualified, and find them to be either unpersuasive or not properly preserved for appellate review.

Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.

---

4. Furthermore, a letter in the record from defendant to plaintiff, dated February 5, 2001, notes that "[i]n the early 1990's Mom and Dad began to express their wishes concerning the use of the house at Lake George" (emphasis added).