■ HILLARY MARKOWITZ, Respondent, v JEFFREY MARKOWITZ, Appellant. [45 NYS3d 203]—

Appeals by the defendant from (1) stated portions of an amended judgment of divorce of the Supreme Court, Westchester County (Berliner, J.), dated March 5, 2014, and (2) an order of that court dated September 18, 2014. The amended judgment of divorce, upon a decision of that court dated June 12, 2013, made after a nonjury trial, and upon additional findings of fact and conclusions of law dated March 5, 2014, insofar as appealed from, inter alia, (a) awarded the plaintiff one half of the amount in an ING Direct Savings Account, (b) awarded the plaintiff one half of the defendant's interest in Markowitz, LLC, (c) awarded the plaintiff an amount equal to the cash surrender value as of September 8, 2009, of a Massachusetts Mutual Life Insurance policy, and (d) awarded the defendant only partial credit for spousal maintenance and child support payments made prior to the amended judgment of divorce. The order denied the defendant's motion to resettle the amended judgment of divorce.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the amended judgment of divorce is modified,

on the law, by (1) deleting the provision thereof directing the defendant to pay to the plaintiff an amount equal to the cash surrender value as of September 8, 2009, of the Massachusetts Mutual Life Insurance policy, and (2) deleting the provisions thereof awarding the defendant only partial credit for spousal maintenance and child support payments made prior to the amended judgment of divorce; as so modified, the amended judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The appeal from the order must be dismissed, as no appeal lies from an order denying a motion for resettlement of the decretal paragraphs of a judgment (*see Carrano v Carrano*, 82 AD3d 1143 [2011]; *Vogelgesang v Vogelgesang*, 71 AD3d 1131 [2010]; *Celauro v Celauro*, 286 AD2d 471 [2001]).

The Supreme Court properly awarded the plaintiff one half of the amount of money in the subject ING Direct Savings Account (hereinafter the ING Account). The parties previously agreed that the ING Account was marital property subject to equitable distribution, and agreed to a 50-50 split of all marital assets. Contrary to the defendant's contentions, his trial testimony did not conclusively establish that the ING Account contained only funds he withdrew from the parties' home equity line of credit, which he had already been directed to repay (*cf. Heymann v Heymann*, 102 AD3d 832, 833-834 [2013]).

Contrary to the defendant's contentions, the Supreme Court properly awarded the plaintiff one half of the defendant's interest in Markowitz, LLC, without giving the defendant a credit for additional capital investments made after the commencement of this action. The defendant failed to establish that those investments were made with nonmarital funds (*cf. Chabbott v Chabbott*, 306 AD2d 368, 369 [2003]).

The defendant correctly contends that the Supreme Court erred in awarding the plaintiff the cash surrender value of the subject Massachusetts Mutual Life Insurance policy (hereinafter the policy). The policy is held by the 1995 Jeffrey S. Markowitz Irrevocable Trust. While marital assets placed in a trust may be subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [5]; *Riechers v Riechers*, 267 AD2d 445 [1999]), the trust here is irrevocable, and neither party is a trustee with the power to transfer control of the trust assets. Accordingly, the trust assets are unavailable to either party. The defendant's contention that the trust has been implicitly revoked is without merit (*see* EPTL 7-1.9 [a]). Accordingly, the

policy should not have been included in the distributive award (*cf. Wortman v Wortman*, 11 AD3d 604, 607 [2004]).

The Supreme Court erred in determining the amount of the credit to be awarded the defendant for spousal maintenance and child support payments made prior to the amended judgment of divorce. The defendant may be entitled to credit for voluntary child support payments which were made prior to the pendente lite order (*see Darema-Rogers v Rogers*, 234 AD2d 334, 335 [1996]), and for voluntary maintenance payments made during the pendency of the action (*see Levitt v Levitt*, 97 AD3d 543, 545 [2012]). In addition, he is entitled to a credit for any amount of temporary maintenance and child support which was paid pursuant to the pendente lite order (*see* Domestic Relations Law § 236 [B] [former (6) (a)]; [7] [a]; *Burns v Burns*, 84 NY2d 369, 377 [1994]; *D'Iorio v D'Iorio*, 135 AD3d 693, 697 [2016]). Contrary to the plaintiff's contention, there is no basis to limit that credit to the unallocated support amount awarded in the pendente lite order. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination of the proper amount of credit for payments made from the commencement of the action to the date of the pendente lite order (up to the amount of the amended judgment of divorce), and for payments made pursuant to the pendente lite order to the date of the amended judgment of divorce (up to the amount awarded pendente lite) (*see Ferraro v Ferraro*, 257 AD2d 598 [1999]; *Verdrager v Verdrager*, 230 AD2d 786, 788-789 [1996]).

The defendant's remaining contention is without merit. Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.