■ PHILIP A. HOFMANN, Respondent, v DINA F. HOFMANN, Appellant. [63 NYS3d 243]—

Order, Supreme Court, New York County (Louis Crespo, Special Ref.), entered February 2, 2017, which, to the extent appealed from, denied defendant wife's cross motion for certain relief with respect to the Hofmann 2012 Family Trust (Trust), and determined that any claims related to assets of the trust could not be asserted as equitable distribution claims in the divorce action, unanimously affirmed, without costs.

The motion court properly determined that the wife's requests for relief concerning the Trust could not be determined in the divorce action since the trust assets were not marital property subject to equitable distribution. It is undisputed that the wife voluntarily transferred her interest in the parties' Michigan house to the husband to be held in the irrevocable family Trust, with the house as the Trust's main asset. Further, the wife was fully aware of the specific terms of the Trust, as evidenced by her notarized signature on the Trust agreement. In general, trust assets are not considered marital property subject to equitable distribution where, as here, the parties are not trustees and have relinquished control over the trust assets (*see Markowitz v Markowitz*, 146 AD3d 872, 873 [2d Dept 2017]; *Stewart v Stewart*, 133 AD3d 493, 494-495 [1st Dept 2015], *lv denied* 26 NY3d 919 [2016]).

We have considered the wife's remaining contentions and find them unavailing. Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.