DeNiro v DeNiro (2020 NY Slip Op 03873)





DeNiro v DeNiro


2020 NY Slip Op 03873


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


312334/16 11806A 11806

[*1] Raphael DeNiro, Plaintiff-Respondent,
v
Claudine DeNiro, Defendant-Appellant.


Mantel McDonough Riso, LLP, New York (Gerard A. Riso of counsel), for appellant.
Chemtob Moss Forman & Beyda, LLP, New York (Nancy Chemtob of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura E. Drager, J.), entered January 3, 2020, which, to the extent appealed from as limited by the briefs, determined plaintiff husband's child support and maintenance obligations, determined plaintiff husband's 14.8% interest in Grenmoor Associates L.P. (Grenmoor) is his separate property not subject to equitable distribution, and awarded plaintiff husband 15% of the appreciation of real property located in East Hampton (Hardscrabble), unanimously modified, on the law and the facts, to the extent of deleting the decretal language adjudging plaintiff husband's entitlement to 15% of the appreciation of Hardscrabble, and remanding the matter to Supreme Court for entry of an amended judgment in accordance herewith, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered September 13, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court properly determined that plaintiff's 14.8% interest in Grenmoor, 9.8% of which was acquired during the marriage, was a gift from plaintiff's father, and thus his separate property (Domestic Relations Law § 236[B][1][d][1]). The notarized assignments indicating that plaintiff's father had sold him the interest, and promissory notes executed by plaintiff in which he promised to repay his father specified amounts, do not compel a different result (see M.M. v D.M., 159 AD3d 562, 563 [1st Dept 2018]; Harned v Harned, 185 AD2d 226, 228 [2d Dept 1992], lv denied 80 NY2d 762 [1992]). The court's conclusion that the interest constituted a gift was based upon the lack of correlation between the notes and the value of the asset transferred and plaintiff's testimony concerning the transaction. The court credited plaintiff's testimony that no money (marital or otherwise) had ever been exchanged, there was no expectation that plaintiff would ever repay the notes (one of which was years overdue) and the documents were for estate planning purposes only. There is no basis to disturb the court's credibility determination (see Winter v Winter, 50 AD3d 431, 432 [1st Dept 2008]).
The court properly determined that Hardscrabble, purchased by defendant's father in both his and defendant's names and subsequently held in defendant's father's family trust, is her separate property. Defendant is not only the primary beneficiary of the trust, but has the power to remove and appoint the trustee, who, in turn, has the "absolute discretion" to terminate the trust (see Hofmann v Hofmann, 155 AD3d 442 [1st Dept 2017]; Markowitz v Markowitz, 146 AD3d 872, 873-874 [2d Dept 2017]). However, plaintiff was not entitled to 15% of Hardscrabble's appreciation based on occasional payments made toward the upkeep of the property, which was frequently used by the parties as a vacation home. Plaintiff failed to demonstrate the nexus between his contributions and the increase in Hardscrabble's value (see Gordon v Anderson, 179 AD3d 402 [1st Dept 2020]).
The court providently exercised its discretion in imputing income to the parties based on its credibility determinations and evidence adduced at trial. Contrary to defendant's contention, the court could consider access to her father's vacation homes, payment of travel and [*2]entertainment expenses through work, and employment at her father's businesses in imputing income to her (see Domestic Relations Law § 240[1-b][b][5][iv][A-D]; Nederlander v Nederlander, 102 AD3d 416, 417-418 [1st Dept 2013]; Matter of LoCasto v Chiofolo, 89 AD3d 847, 848 [2d Dept 2011]). Defendant fails to show that the child support award, based on a $600,000 income cap, is insufficient to meet the children's "actual needs" to live an "appropriate lifestyle" (Matter of Culhane v Holt, 28 AD3d 251, 252 [1st Dept 2006] [internal quotation marks omitted]), to warrant remand for further proceedings. Notably, defendant does not directly address the court's finding that her claimed expenses were unsupported by evidence and not credible.
We have considered defendant's remaining arguments, including with respect to the equitable distribution of marital assets, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK