Park v Park (2021 NY Slip Op 02536)





Park v Park


2021 NY Slip Op 02536


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-09616
 (Index No. 448/13)

[*1]Sandra Park, appellant,
v
John Park, respondent.


Sandra Park, Katonah, NY, appellant pro se.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated September 16, 2016, and related child support proceedings that were transferred to the Supreme Court, Putnam County, and consolidated with the matrimonial action for disposition, the plaintiff appeals from an order of the Supreme Court, Putnam County (Paul I. Marx, J.), dated August 9, 2017. The order, insofar as appealed from, granted those branches of the defendant's petition for modification of child support which were for an award of monthly child support to the defendant and to reimburse the defendant for certain child support payments.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Putnam County, for a hearing and a new determination of those branches of the defendant's petition for modification of child support which were for an award of monthly child support to the defendant and to reimburse the defendant for certain child support payments.
The parties were married in June 2000, and have two children, born in 2002 and 2008, respectively. On November 14, 2014, the parties entered into a stipulation of settlement in which they agreed to share joint legal custody of the children, with the plaintiff having primary residential custody. In an agreement dated March 24, 2016 (hereinafter the maintenance and support agreement), the parties agreed that the defendant would pay maintenance to the plaintiff for a period of 18 months, and the defendant would also pay child support. A judgment of divorce dated September 16, 2016, incorporated but did not merge the stipulation of settlement and the maintenance and support agreement.
In an order dated February 15, 2017, the Family Court, Putnam County, awarded temporary custody of the parties' older child to the plaintiff's sister. On March 10, 2017, the court issued an amended temporary order of custody, on consent of the parties, awarding the plaintiff's sister temporary custody of the older child until the end of June 2017.
The defendant thereafter sought, inter alia, sole residential custody of both of the parties' children and an award of child support in his favor. In his petition for modification of child support, the defendant also requested a suspension of his obligation to pay child support to the plaintiff for the older child during the period that the plaintiff's sister had temporary custody of the older child.
In an order dated August 9, 2017, the Supreme Court, without conducting an evidentiary hearing, inter alia, awarded the defendant sole residential custody of the parties' children, with the plaintiff's consent, through the end of the 2017-2018 school year, and suspended the defendant's obligation to pay child support during that period. The court also directed the plaintiff to pay the defendant $1,000 per month in child support for the duration of his period of residential custody, and further directed the plaintiff to reimburse the defendant $10,050, representing the amount of child support paid by the defendant for the older child while the plaintiff's sister had temporary custody of that child. The plaintiff appeals from those portions of the order which directed her to pay the defendant child support and to reimburse the defendant for child support he previously paid for the older child. We reverse insofar as appealed from.
Initially, contrary to the plaintiff's contention, the Supreme Court had the authority to modify the parties' child support obligations upon a showing of a substantial change in circumstances despite the provision of the maintenance and support agreement restricting modifications of the child support obligation during the first 18 months following the parties' divorce (see Domestic Relations Law § 236[B][9][b][2][i]; Bishop v Bishop, 170 AD3d 642, 644).
However, the Supreme Court erred in directing the plaintiff to pay child support to the defendant without conducting a hearing on the matter. The Child Support Standards Act (hereinafter the CSSA) "sets forth a formula for calculating [basic] child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a particular ceiling" (Matter of Freeman v Freeman, 71 AD3d 1143, 1144; see Domestic Relations Law § 240[1-b][c]). A court may deviate from directing a noncustodial parent to pay his or her share of the basic child support obligation under the CSSA if it finds that amount to be "unjust or inappropriate" (Domestic Relations Law § 240[1-b][f]; see Hodges v Hodges, 35 AD3d 370, 370). In making such a determination, the court must consider various statutory factors, including "[t]he financial resources of the custodial and non-custodial parent" and whether "the gross income of one parent is substantially less than the other parent's gross income" (Domestic Relations Law § 240[1-b][f][1], [7]; see Matter of Geller v Geller, 133 AD3d 599, 600). "Where the court finds that the non-custodial parent's pro rata share of the basic child support obligation is unjust or inappropriate, the court shall order the non-custodial parent to pay such amount of child support as the court finds just and appropriate, and the court shall set forth, in a written order, the factors it considered; the amount of each party's pro rata share of the basic child support obligation; and the reasons that the court did not order the basic child support obligation" (Domestic Relations Law § 240[1-b][g]).
Here, the Supreme Court did not calculate the basic child support obligation for the children, which is done by (1) determining the combined parental income and (2) multiplying the amount of combined parental income up to the statutory cap by the appropriate child support percentage (see Domestic Relations Law § 240[1-b][c]). The court did not determine the combined parental income or identify the applicable statutory cap. It further failed to determine each parent's pro rata share of the basic child support obligation based on his or her income in proportion to the combined parental income (see Domestic Relations Law § 240[1-b][c][2]). Rather, the court incorrectly determined the amount of child support owed to the custodial parent based solely on the noncustodial parent's income multiplied by the appropriate child support percentage, which the court determined to be 25% of the plaintiff's income. However, the appropriate basic child support figure for the parties' two children was 25% of the combined parental income, as prorated between the parties in accordance with the statute (see Domestic Relations Law § 240[1-b][b][3][ii]). Accordingly, the court erred in determining the plaintiff's presumptive share of the basic child support obligation. Additionally, although the court recognized that the plaintiff's sole source of income was the maintenance she received from the defendant, the court failed to take into account that, pursuant to the parties' support and maintenance agreement and the ensuing judgment of divorce, the defendant's maintenance obligation was scheduled to terminate soon after the court issued its order. Moreover, despite the court's statement that it had considered all relevant factors, there is no indication that the court considered "[t]he financial resources of the custodial and non-custodial parent" or whether "the gross income of one parent is substantially less than the other parent's gross income" (Domestic Relations Law § 240[1-b][f][1], [7]). Accordingly, the court erred [*2]in determining that it was just and appropriate for the plaintiff to pay the defendant $1,000 per month as child support, since the court did not determine the amount of each party's pro rata share of the basic child support obligation or consider the statutory factors set forth in Domestic Relations Law § 240(1-b)(f) (see Domestic Relations Law § 240[1-b][g]).
The plaintiff further persuasively argues that the Supreme Court erred in directing her to reimburse the defendant $10,050, representing child support payments for the older child from March 31 through August 13, 2017, while the plaintiff's sister had temporary residential custody of that child. The temporary transfer of residential custody from the plaintiff to her sister may have constituted a substantial change in circumstances sufficient to warrant a modification of the defendant's existing child support obligation (see generally Domestic Relations Law § 236[B][9][b][2][i]; Matter of Moradi v Noorani, 163 AD3d 570; Matter of DiPaola v DiPaola, 28 AD3d 480; Matter of Goldberg v Benner, 247 AD2d 385, 386). However, in making a purely mathematical determination as to the reduction in the defendant's child support obligation—in which the court merely halved the defendant's monthly child support obligation for the parties' two children and multiplied that amount by the relevant period of time during which the plaintiff's sister had temporary custody of the older child—the court failed to address any other practical and financial considerations involved, such as whether the plaintiff remained obligated to pay certain expenses for the older child during that period. Moreover, in making its determination, the court apparently did not consider the strong public policy in New York against the restitution or recoupment of overpayments of child support (see Johnson v Chapin, 12 NY3d 461, 466; Matter of McGovern v McGovern, 148 AD3d 900, 902).
Accordingly, we remit the matter to the Supreme Court, Putnam County, for a hearing and a new determination of those branches of the defendant's modification petition which were for an award of child support to the defendant and to reimburse the defendant for certain child support payments.
The plaintiff's remaining contentions are not properly before this Court.
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court