Ford v Ford (2021 NY Slip Op 06988)





Ford v Ford


2021 NY Slip Op 06988


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-02191
 (Index No. 14001/12)

[*1]Susan Ford, appellant-respondent,
v
Kenneth Ford, respondent-appellant; Tabat, Cohen, Blum & Yovino, P.C., nonparty-respondent.


Law Offices of Barry J. Fisher, P.C., Garden City, NY (Cheryl L. Jakinovich of counsel), for appellant-respondent.
Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY, for respondent-appellant.
Tabat, Cohen, Blum & Yovino, P.C., Garden City, NY (Michael R. Gionesi of counsel), nonparty-respondent pro se.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated November 21, 2017. The order, insofar as appealed from, upon reargument, adhered to prior determinations in an order of the same court dated April 20, 2017, (1) denying that branch of the plaintiff's motion which was for an award of retroactive child support and (2), upon granting that branch of the plaintiff's motion which was for an award of counsel fees, awarding the plaintiff counsel fees in the sum of $50,000. The order, insofar as cross-appealed from, upon reargument, adhered to the prior determination in the order dated April 20, 2017, awarding the plaintiff counsel fees in the sum of $50,000.
ORDERED that the order dated November 21, 2017, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the prior determination in the order dated April 20, 2017, denying that branch of the plaintiff's motion which was for an award of retroactive child support, and substituting therefor a provision, upon reargument, vacating that determination; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.
The parties were married in 1998, and have three children together. The plaintiff commenced an action for a divorce and ancillary relief on May 4, 2012. On March 6, 2013, the plaintiff moved for pendente lite relief. In an amended order dated August 2, 2013, the Supreme Court directed the defendant, inter alia, to continue to pay to the plaintiff unallocated maintenance and child support and to pay 100% of various carrying charges on the marital residence, which was in the plaintiff's exclusive use and occupancy in accordance with a stipulation of the parties dated July 16, 2012, and awarded the plaintiff interim counsel fees in the sum of $3,000. On December 15, 2016, the parties entered into a stipulation of settlement in which they agreed, inter alia, to the defendant's prospective child support obligation. The parties agreed to submit to the court for [*2]determination the issues of retroactive child support and additional counsel fees on behalf of the plaintiff. A judgment of divorce was entered April 26, 2017.
In December 2016, nonparty Tabat, Cohen, Blum & Yovino, P.C., the plaintiff's former attorneys (hereinafter the law firm), moved for an award of counsel fees in the sum of $40,504.65, to be made payable directly to it. The defendant opposed that motion. In or about January 2017, the plaintiff moved for an award of retroactive child support, and additional counsel fees in the sum of $117,628.07. The defendant opposed the plaintiff's motion and cross-moved, inter alia, for sanctions. In an order dated April 20, 2017, the Supreme Court denied that branch of the plaintiff's motion which was for retroactive child support. The court also granted the law firm's motion, and that branch of the plaintiff's motion which was for an award of additional counsel fees to the extent of awarding the plaintiff counsel fees in the sum of $50,000, of which the sum of $40,504.65 was payable directly to the law firm. Subsequently, the plaintiff moved for leave to reargue her prior motion. The defendant opposed the plaintiff's motion and cross-moved for leave to reargue his opposition to that branch of the plaintiff's motion which was for an award of additional counsel fees. The law firm opposed the defendant's cross motion. In an order dated November 21, 2017, the court, upon reargument, adhered to its prior determinations (1) denying that branch of the plaintiff's motion which was for an award of retroactive child support, and (2) granting that branch of the plaintiff's motion which was for an award of additional counsel fees to the extent of awarding the plaintiff counsel fees in the sum of $50,000, payable as previously described. The plaintiff appeals, and the defendant cross-appeals from the November 21, 2017 order, made upon reargument.
A party's child support obligation commences, and is retroactive to, the date the application was made, which in this case was the date the action was commenced, May 4, 2012 (see Domestic Relations Law § 236[B][7][a]; Sinnot v Sinnot, 194 AD3d 868, 878; Miklos v Miklos, 9 AD3d 397, 399). "The [Child Support Standards Act; hereinafter CSSA] sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to the statutory cap that is in effect at the time of judgment" (Matter of Fanelli v Orticelli, 170 AD3d 831, 832; see Matter of Cassano v Cassano, 85 NY2d 649, 652; Hymowitz v Hymowitz, 119 AD3d 736, 742-743). A court may deviate from directing a noncustodial parent to pay his or her share of the basic child support obligation under the CSSA if it finds that amount to be "unjust or inappropriate" (Domestic Relations Law § 240[1-b][f]; see Park v Park, 193 AD3d 1065, 1067; Hodges v Hodges, 35 AD3d 370, 370). However, "[i]n making such a determination, the court must consider various statutory factors" (Park v Park, 193 AD3d at 1067; see Domestic Relations Law § 240[1-b][f]). "Where the court finds that the non-custodial parent's pro rata share of the basic child support obligation is unjust or inappropriate, the court shall order the non-custodial parent to pay such amount of child support as the court finds just and appropriate, and the court shall set forth, in a written order, the factors it considered; the amount of each party's pro rata share of the basic child support obligation; and the reasons that the court did not order the basic child support obligation" (Domestic Relations Law § 240[1-b][g]).
"[T]he party is also entitled to a credit for any amount of temporary . . . child support already paid" as well as for carrying charges on the marital home (Schiffer v Schiffer, 21 AD3d 889, 890; see DiLascio v DiLascio, 170 AD3d 804, 808; Hymowitz v Hymowitz, 119 AD3d at 743; Miklos v Miklos, 9 AD3d at 399). Both voluntary child support payments which were made prior to a pendente lite order and payments made pursuant to a pendente lite order may be credited toward a party's retroactive child support (see Sinnott v Sinnott, 194 AD3d at 878; Markowitz v Markowitz, 146 AD3d 872, 874; Verdrager v Verdrager, 230 AD2d 786).
Here, there is no indication that, in determining that the plaintiff was not entitled to an award of retroactive child support, the Supreme Court calculated the basic child support obligation for the parties' children in accordance with the CSSA before it, in effect, awarded unspecified credit to the defendant for payments he made and expenses he incurred during the pendency of the action. We therefore remit the matter to the Supreme Court, Suffolk County, to determine the amount of retroactive child support owed by the defendant, if any, after taking into [*3]account the payments the defendant made on behalf of the plaintiff and the children from May 4, 2012, the date that the action was commenced, until August 2, 2013, the effective date of the order granting such relief pendente lite, and from August 2, 2013, until December 15, 2016, the date of the parties' settlement (see Markowitz v Markowitz, 146 AD3d at 874; Ferraro v Ferraro, 257 AD2d 598, 599; Verdrager v Verdrager, 230 AD2d at 789). Those payments included, inter alia, unallocated support payments and payments for the carrying charges and utilities for the marital residence. The court must also determine the appropriate allocation of those payments between child support and maintenance (see Stern v Stern, 273 AD2d 298; Mellen v Mellen, 260 AD2d 609, 610), and whether payment of any arrears due should be made in one lump sum or periodic sums (see Sinnot v Sinnot, 194 AD3d at 879; Ferraro v Ferraro, 257 AD2d at 599; Verdrager v Verdrager, 230 AD2d at 789). We note that payments made by the defendant toward counsel fees on behalf of the children do not constitute basic child support (see Cimons v Cimons, 53 AD3d 125, 130). Moreover, upon remittal, any credit for payments the defendant made during the pendency of the action to reduce the mortgage principal for the marital home should be only to the extent that they have not already been awarded as part of the parties' settlement.
For matrimonial actions such as this one, commenced on or after October 12, 2010, Domestic Relations Law § 237(a) creates a "rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (see L 2010, ch 329, §§ 1, 3; Weidman v Weidman, 162 AD3d 720, 726). An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, but this Court's discretionary authority is as broad as the trial court's in determining an appropriate award of counsel fees (see Romeo v Muenzler-Romeo, 169 AD3d 845, 846). Here, as the defendant failed to rebut the presumption that the plaintiff was entitled to an award of counsel fees, taking into account the equities and circumstances of this case, the Supreme Court providently exercised its discretion in awarding the plaintiff, the less monied spouse, counsel fees in the sum of $50,000 (see Sufia v Khalique, 189 AD3d 1499, 1502; Lindo v Lindo, 185 AD3d 914, 915).
The remaining contentions of the parties and the law firm are not properly before this Court, have been rendered academic in light of our determination, or are without merit.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.

2018-02191 DECISION & ORDER ON MOTION
Susan Ford, appellant-respondent,
v Kenneth Ford, respondent-appellant;
Tabat, Cohen, Blum & Yovino, P.C., nonparty-respondent.
(Index No. 14001/12)

Motion by the respondent-appellant on an appeal and cross appeal from an order of the Supreme Court, Suffolk County, dated November 21, 2017, to dismiss the appeal on the ground that no appeal lies from an order denying leave to renew a decision. Cross motion by the appellant-respondent to dismiss the cross appeal in the event the appeal is dismissed. Separate cross motion by the nonparty-respondent to dismiss the cross appeal in the event that the appeal is dismissed. By decision and order on motion of this Court dated September 17, 2018, that branch of the motion which is to dismiss the appeal and the cross motions were held in abeyance and referred to the Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the cross motions and the papers filed in opposition thereto, and upon the submission of the appeal and cross appeal, it is
ORDERED that the branch of the respondent-appellant's motion which is to dismiss the appeal and the cross motions of the appellant-respondent and the nonparty-respondent are denied.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.

2018-02191 DECISION & ORDER ON MOTION
Susan Ford, appellant-respondent,
v Kenneth Ford, respondent-appellant;
Tabat, Cohen, Blum & Yovino, P.C., nonparty-respondent.
(Index No. 14001/12)

Motion by the appellant-respondent, inter alia, to strike Points I and II of the respondent-appellant's reply brief on an appeal and a cross appeal from an order of the Supreme Court, Suffolk County, dated November 21, 2017, on the ground that the material in those points contain improper surreply arguments. By decision and order on motion of this Court dated March 7, 2019, that branch of the motion which is to strike Points I and II of the respondent-appellant's reply brief was held in abeyance and referred to the Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal and cross appeal, it is
ORDERED that the motion is granted and Point I and Point II are stricken from the respondent-appellant's reply brief and have not been considered in the determination of the appeal and cross appeal.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court