Anonymous v Anonymous (2022 NY Slip Op 04114)

Anonymous v Anonymous

2022 NY Slip Op 04114

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Scarpulla, Higgitt, JJ. 

Index No. 350060/18 Appeal No. 16222-16222A Case No. 2021-04042, 2021-04110 

[*1]Anonymous, Plaintiff-Respondent,
v
Anonymous, Defendant-Appellant.

Mantel McDonough Riso, LLP, New York (Allan D. Mantel of counsel), for appellant.
Krauss Shaknes Tallentire & Messeri LLP, New York (Caroline Krauss of counsel), for respondent.

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered on or about October 18, 2021, which, to the extent appealed from, granted defendant wife's motion for pendente lite maintenance, child support and interim attorneys' and expert fees in amounts less than those sought and granted plaintiff husband's motion to declare the "hiatus period" as set forth in the parties' prenuptial agreement terminated, unanimously affirmed, with costs. Appeal from decision entered June 30, 2021, unanimously dismissed, without costs, as taken from a nonappealable paper.
Defendant failed to establish that the pendente lite child support award was insufficient (see e.g. Spitzer v Spitzer, 167 AD3d 417 [1st Dept 2018]). She argued that the award was inadequate in light of plaintiff's wealth, but not that it was insufficient to meet the child's actual needs or to support a lifestyle appropriate for the child (see DeNiro v DeNiro, 185 AD3d 465 [1st Dept 2020]; Sykes v Sykes, 43 Misc 3d 1220[A], 2014 NY Slip Op 50731[U], *22 [Sup Ct, NY County 2014]).
The award of interim spousal support is appropriate under the parties' prenuptial agreement, which requires plaintiff to pay all "ordinary and necessary expenses (consistent with past experience)" during the defined hiatus period. While the amount awarded by the court was less than plaintiff had been paying voluntarily, defendant failed to substantiate her contention that that amount was less than was "ordinary and necessary." The court properly considered evidence that some of defendant's claimed expenses were out of the ordinary (Hearst v Hearst, 29 AD3d 395 [1st Dept 2006]). The fact that plaintiff had reduced the amounts of his voluntary payments after two years does not alter our conclusion that the amount awarded was appropriate (id.).
The court properly concluded that the hiatus period had terminated, as the express terms of the prenuptial agreement provided that the hiatus period was not to exceed nine months, and plaintiff represented that he no longer agreed to continue it. Defendant's argument that the hiatus period could be terminated only after equitable distribution had been calculated is without merit.
The court providently exercised its discretion in setting counsel and expert fees. While we recognize that plaintiff's income substantially exceeds defendant's, defendant is not without assets, and she will gain significantly more by the sale of the marital residence and the commencement of her permanent maintenance. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022